**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---

FEDERAL HOUSING FINANCE AGENCY,
AS CONSERVATOR FOR THE FEDERAL
HOME LOAN MORTGAGE
CORPORATION,

             Plaintiff,

      -against-

ALLY FINANCIAL INC. f/k/a GMAC, LLC,
*et al.*,

           Defendants.

**11 Civ. 7010 (DLC)**

---

**REPLY MEMORANDUM OF LAW**
**IN FURTHER SUPPORT OF**
**PLAINTIFF'S MOTION FOR REMAND**

 

KASOWITZ, BENSON, TORRES
   & FRIEDMAN LLP
1633 Broadway
New York, New York 10019
Tel:  (212) 506-1700

*Attorneys for Plaintiff*

# TABLE OF CONTENTS

**Page**

PRELIMINARY STATEMENT ................................................................................. 1

ARGUMENT ......................................................................................................... 2

I.      DEFENDANTS HAVE FAILED TO SHOW A REASONABLE LEGAL BASIS
        FOR ANY CONTRACTUAL INDEMNIFICATION CLAIMS AGAINST ANY
        BANKRUPT ORIGINATORS IDENTIFIED IN THEIR NOTICE OF
        REMOVAL ............................................................................................... 2

II.     THIS ACTION SHOULD BE EQUITABLY REMANDED ............................... 7

III.    REMOVAL IS NOT PERMITTED UNDER 28 U.S.C. § 1441(b) ................. 8

CONCLUSION ..................................................................................................... 10

# TABLE OF AUTHORITIES

**Page(s)**

**CASES**

*Allstate Ins. Co. v. ACE Sec. Corp.*,
   No. 11 Civ. 1914, 2011 WL 3628852 (S.D.N.Y. Aug. 17, 2011) ..............................5

*Allstate Ins. Co. v. Credit Suisse Sec. (USA) LLC*,
   No. 11 Civ. 2232, 2011 WL 4965150 (S.D.N.Y. Oct. 19, 2011) ..............................6

*Allstate Ins. Co. v. Merrill Lynch & Co.*,
   No. 11 Civ. 2280, 2011 U.S. Dist. LEXIS 124333 (S.D.N.Y. Aug. 15, 2011) ........6

*Arrow Fin. Servs., LLC v. Massil*,
   No. 08 Civ. 437, 2009 WL 348553 (E.D.N.Y. Feb. 11, 2009)................................8

*Bernadin v. Am. Airlines*,
   No. 08 Civ. 1774, 2009 WL 1910964 (E.D.N.Y. July 1, 2009) ...............................6

*CALPERS v. Worldcom, Inc.*,
   368 F.3d 86 (2d Cir. 2004)..................................................................................9

*City of Ann Arbor Emps. Ret. Sys. v. Citigroup Mortg. Loan Trust Inc.*,
   572 F. Supp. 2d 314 (E.D.N.Y. 2008) ...................................................................5

*Eriksen v. Moore Mill & Lumber Co.*,
   157 F. Supp. 888 (D. Or. 1958) .......................................................................8, 9

*Fed. Home Loan Bank of Chi. v. Banc of Am. Sec. LLC*,
   448 B.R. 517 (C.D. Cal. 2011) ............................................................................5

*Fed. Home Loan Mortg. Corp. v. Searcy*,
   No. Civ. S-11-1681, 2011 U.S. Dist. LEXIS 70753 (E.D. Cal. June 30, 2011) ....10

*Federated Dep't Stores, Inc. v. Moitie*,
   452 U.S. 394 (1981).............................................................................................9

*First Nat'l Bank of Pulaski v. Curry*,
   301 F.3d 456 (6th Cir. 2002) ...............................................................................8

*Gallagher v. Donald*,
   803 F. Supp. 899 (S.D.N.Y. 1992) .......................................................................9

*Greenberg v. Veteran*,
   889 F.2d 418 (2d Cir. 1989)..................................................................................9

*Helvering v. Hammel*,
  311 U.S. 504 (1941)................................................................................................9

*Highland Crusader Offshore Partners v. Motient Corp.*,
  No. A-06-CA-540, 2006 WL 3358425 (W.D. Tex. Nov. 17, 2006).........................8

*Igolnikov v. Mallah, Org., Inc.*,
  No. 92 Civ. 7199, 1993 WL 227769 (S.D.N.Y. June 22, 1993)..............................9

*In re Boston Reg'l Med. Ctr., Inc.*,
  410 F.3d 100 (1st Cir. 2005)....................................................................................4

*In re Cross Media Mktg. Corp.*,
  367 B.R. 435 (Bankr. S.D.N.Y. 2007)......................................................................4

*In re Gen. Media, Inc.*,
  335 B.R. 66 (Bankr. S.D.N.Y. 2005)........................................................................4

*In re Refco, Inc. Sec. Litig.*,
  628 F. Supp. 2d 432 (S.D.N.Y. 2008).......................................................................4

*Jerro v. Home Lines, Inc.*,
  377 F. Supp. 670 (S.D.N.Y. 1974) ...........................................................................2

*Kelly v. Drake Beam Morin, Inc.*,
  695 F. Supp. 354 (E.D. Mich. 1988).........................................................................8

*Krys v. Sugrue*,
  No. 08 Civ. 3065, 2008 WL 4700920 (S.D.N.Y. Oct. 23, 2008) .............................4

*L&L Painting Co. v. Odyssey Contracting Corp.*,
  No. 08 Civ. 3559, 2008 WL 2856475 (S.D.N.Y. July 22, 2008) .............................2

*Lone Star Fund V (US), LP v. Barclays Bank PLC*,
  594 F.3d 383 (5th Cir. 2010) ....................................................................................5

*Lupo v. Human Affairs Int'l, Inc.*,
  28 F.3d 269 (2d Cir. 1994).........................................................................................7

*Mass. Bricklayers & Masons Trust Funds v. Deutsche Alt-A Sec., Inc.*,
  399 B.R. 119 (E.D.N.Y. 2009) ..................................................................................5

*Nat'l Ass'n of Home Builders v. Defenders of Wildlife*,
  551 U.S. 644 (2007)...................................................................................................9

*Pioneer Inv. Servs. v. Brunswick Assocs. Ltd. P'Ship,*
    507 U.S. 380 (1993) ...........................................................................................................6

*Randell v. United States,*
    64 F.3d 101 (2d Cir. 1995) ................................................................................................2

*Smolowe v. Delendo Corp.,*
    136 F.2d 231 (2d Cir. 1943) ......................................................................................... 9-10

*Stichting Pensioenfonds ABP v. Countrywide Fin. Corp.,*
    447 B.R. 302 (C.D. Cal. 2010) ..........................................................................................5

*United Food & Commercial Workers Union, Local 919 v. Centermark Props. Meriden
    Square Inc.,*
    30 F.3d 298 (2d Cir. 1994) ................................................................................................2

*Wilson v. Doss,*
    No. 2:09-cv-21, 2009 WL 2567950 (M.D. Ala. Aug. 14, 2009) .........................................9

## STATUTES

12 U.S.C. § 1452(f)(3) ...........................................................................................................10

12 U.S.C. § 4617(b)(2)(A) .........................................................................................................8

12 U.S.C. § 4617(f) ...................................................................................................................8

15 U.S.C. § 1719 .......................................................................................................................9

15 U.S.C. § 3612 .......................................................................................................................9

28 U.S.C. § 1441(a) ..............................................................................................................8, 9

28 U.S.C. § 1441(b) ...........................................................................................................1, 8, 9

28 U.S.C. § 1445(d) ..................................................................................................................9

28 U.S.C. § 1452(a) ..................................................................................................................9

Section 22(a) of the Securities Act of 1933 ................................................................. *passim*

## OTHER AUTHORITIES

Fed. R. Bankr. P. 3001(c) .........................................................................................................3

Fed. R. Bankr. P. 9006(b)(1) .....................................................................................................6

## PRELIMINARY STATEMENT

Defendants have failed to show that removal was proper under the bankruptcy removal statute because they have failed to meet their burden of establishing any "reasonable legal basis" for asserting their purported contractual indemnification claims against any bankrupt originator. Defendants' Removal Notice identified 24 separate bankruptcy proceedings to which this Action is purportedly related. After reviewing the factual material submitted by Plaintiff in support of its remand motion, Defendants have apparently decided that 13 of the identified bankruptcy proceedings were in fact not related to this Action. Defendants' opposition brief identifies only 11 purportedly related proceedings. For seven of those, Defendants offer no competent proof to support the existence of indemnity claims against the bankrupt originators. In three of the remaining four bankruptcy proceedings, Defendants failed to file proofs of claim, and more than two years have elapsed since the bar dates and applicable dates of plan confirmation. In the remaining proceeding, Defendant Residential Funding Company, LLC's ("RFC") proof of claim does not assert any claim for indemnification, the bar date passed more than four years ago, the liquidation plan was confirmed over three years ago, and RFC has agreed to substantial reductions in its claim. Even were "related to" jurisdiction found to exist in this one instance here, it would be so remote as to warrant equitable remand.

In addition, contrary to Defendants' contention, the general removal statute, 28 U.S.C. § 1441(b), provides no independent basis for removing cases asserting claims under the Securities Act of 1933 (the "'33 Act"). Defendants' erroneous interpretation of Section 1441(b) is flatly inconsistent with the statutory removal scheme, defeats the congressional intent underlying the anti-removal provision in the '33 Act, and effectively would repeal all anti-removal statutes concerning federal questions.

**ARGUMENT**

I.  **DEFENDANTS HAVE FAILED TO SHOW A REASONABLE LEGAL BASIS FOR ANY CONTRACTUAL INDEMNIFICATION CLAIMS AGAINST ANY BANKRUPT ORIGINATORS IDENTIFIED IN THEIR NOTICE OF REMOVAL**

A removing defendant invoking federal jurisdiction "has the burden of establishing that removal is proper." *United Food & Commercial Workers Union, Local 919 v. Centermark Props. Meriden Square Inc.*, 30 F.3d 298, 301 (2d Cir. 1994). If the "[defendant's] allegations of jurisdictional facts are challenged by its adversary in *any appropriate* manner, [the defendant] must support them by competent proof." *Id.* (emphasis in original). Removal cannot be supported by the *ipse dixit* of Defendants. *See Jerro v. Home Lines, Inc.*, 377 F. Supp. 670, 672 (S.D.N.Y. 1974) (defendant's affidavit in support of petition for removal tendered by affiant with no "actual knowledge" of defendant's activities in claimed principal place of business failed to support allegation with "competent proof"); *see also Randell v. United States*, 64 F.3d 101, 109 (2d Cir. 1995) (unsupported assertions inadequate to create fact issue). "If the removing party cannot establish its right to removal by competent proof, the removal is improper, and the district court must remand the case to the court in which it was filed." *L&L Painting Co. v. Odyssey Contracting Corp.*, No. 08 Civ. 3559, 2008 WL 2856475, at *1 (S.D.N.Y. July 22, 2008).

Defendants' arguments regarding notice pleading therefore miss the mark. Although their entire foundation for invoking bankruptcy jurisdiction rests on their purported contractual indemnification claims against 11 originators, Defendants have proffered no competent proof sufficient to meet their burden. Here, Defendants have failed to show a "reasonable legal basis" for any indemnification claims against any bankrupt originators because they either have failed to establish the factual predicate for any such claims or currently are barred from asserting them.

As a threshold matter, Defendants have not shown the existence of valid indemnification contracts for seven bankrupt originators. Of the 11 originators they identify, only three (People's Choice, Fieldstone, and OwnIt) are subject to contractual indemnification obligations. (Blaschko

2

Decl. Ex. B at 27-29; Ex. D at 6, 12-13; Ex. H at 24-26).   As to the remaining eight originators, Defendants cite to contracts that lack indemnification provisions but incorporate by reference "Client Guides" or other seller guides that have *not* been made part of the record here.   Only one Client Guide, dated October 6, 2006 is attached as Exhibit I.   In light of Defendants' admission that "the Client Guide changed from time to time between 2005 and 2007," the assertion that the guides contained "substantially similar . . . indemnity provisions as those in Exhibit I" "*during that period*" (Blaschko Decl. ¶ 12) (emphasis added) is wholly insufficient to show that there were operative indemnification provisions pertaining to the loans included in the Securitizations.

In fact, even though the attached agreements for six originators incorporated Client Guides or other seller guides dated *prior to 2005*, Defendants neither submitted those agreements nor represented that the *pre-2005* Client Guides contained substantially similar indemnity provisions.   (First Magnus, Blaschko Decl. Ex. C at 2, 5, 8, Ex. F at 2, Mark Decl. Ex. 53 at 43; First NLC, Blaschko Decl. Ex. C at 11; Homebanc, Blaschko Decl. Ex. C at 14-15, 18; Realty Mortgage, Mark Decl. Ex. 88 at 4; New Century, Blaschko Decl. Ex. C at 19; ComUnity, Blaschko Decl. Ex. E at 2).   Moreover, Defendants' citation to Alliance's June 13, 2007 proof of claim is likewise deficient because it merely states that Alliance has repurchase obligations under "a Master Mortgage Loan Purchase Agreement" *or* "the GMAC-RFC Client Guide," but does not attach either of these documents, include their relevant dates, or assert that these documents contain indemnity provisions.   (Mark Decl. Ex. 31 at 4).   Oak Street is the only originator for which Defendants have attached an agreement that incorporates by reference any Client Guide between 2005 and 2007.   (Blaschko Decl. Ex. G at 28, 39, 46, 48).   In any event, Defendants' failure to provide the operative agreements in the face of a direct challenge underscores their inability to support any indemnification claims in the relevant bankruptcy proceedings.   *See* Fed. R. Bankr. P. 3001(c).

3

Nor have Defendants met their burden of proof with respect to any of the remaining four bankruptcies -- People's Choice, Fieldstone, OwnIt, and Oak Street.  Because People's Choice has a confirmed Chapter 11 liquidation plan, Fieldstone and OwnIt have confirmed Chapter 11 reorganization plans, and Oak Street is a Chapter 7 liquidation (Mark Decl. ¶¶ 112, 143, 146, 150), Defendants bear the burden of showing that this Action has a "close nexus" to the confirmed plans.  *See In re Gen. Media, Inc.*, 335 B.R. 66, 73 (Bankr. S.D.N.Y. 2005).  In tacit acknowledgement that they cannot meet that burden, Defendants attempt to argue that the broader "conceivable effects" test should apply because a couple of courts have followed First Circuit precedent holding that related-to jurisdiction is not constricted after confirmation of liquidation plans, as opposed to reorganization plans.  (Def. Opp. at 14-15).  The Second Circuit, however, does not distinguish between liquidation plans and reorganization plans for this jurisdictional inquiry.  *See Krys v. Sugrue*, No. 08 Civ. 3065, 2008 WL 4700920, at *5, n.12 (S.D.N.Y. Oct. 23, 2008).[1]  Moreover, and in any event, Defendants cannot dispute that the "close nexus" test applies to at least the Fieldstone and OwnIt proceedings.

Regardless of whether the "close nexus" or "conceivable effects" test is applied, however, the indisputable facts show that this Action is not "related to" any bankruptcy proceeding under either standard because Defendants' purported contractual indemnification claims **are barred**.

Defendants have failed to refute Plaintiff's showing, and they have no reasonable basis for contending that this Action is related to the bankruptcies of Fieldstone, OwnIt, or Oak Street: (a) Defendants failed to file any proofs of claim in those proceedings, (Mark Decl. Exs. 50, 77,

---

[1] Nor do Defendants' authorities support a contrary conclusion.  In each of those cases -- unlike here -- the *debtor itself, or a litigation trustee appointed by the bankruptcy court*, was seeking to recover assets *for the debtor's estate*, such that the adversary proceeding indisputably had a sufficiently close connection to the confirmed bankruptcy plans to support bankruptcy jurisdiction.  *See In re Refco, Inc. Sec. Litig.*, 628 F. Supp. 2d 432, 443 (S.D.N.Y. 2008); *In re Cross Media Mktg. Corp.*, 367 B.R. 435, 444 (Bankr. S.D.N.Y. 2007); *In re Boston Reg'l Med. Ctr., Inc.*, 410 F.3d 100, 107 (1st Cir. 2005).

79); (b) the bar dates for filing such claims passed more than two to four years ago, (*id.* Exs. 51, 78, 80 -- bar dates of April 1, 2008, July 23, 2009, and June 15, 2007); and (c) Fieldstone's and OwnIt's plans of reorganization were confirmed over three years ago (*id.* Exs. 52, 81 – July 14, 2008 and January 16, 2008).[2]

In the People's Choice bankruptcy, although Defendant RFC filed a proof of claim, it did not assert a claim for indemnification, and has not shown a reasonable legal basis to amend the claim *four years* after the bar date and *three years* after plan confirmation.  (Mark Decl. ¶¶ 148, 150).  In any event, RFC's reservation of right to "further amend" its claim is meaningless because the reservation pertains to correcting the listed amount, not adding new claims (Mark Decl. ¶ 147), and the liquidating trustee has advised the bankruptcy court that RFC has agreed to substantial reductions in the stated amount of its claim (*id.* ¶ 149, Ex. 84 at 6, n.[C]).  The claim does not state or even suggest that RFC may seek to assert claims based on subsequent events such as this Action, nor have Defendants put forth any evidence suggesting otherwise.[3]

Further, Defendants' asserted reliance on proofs of claim in the Alliance and ComUnity bankruptcy proceedings or the ability to file claims in the Southstar proceeding (Def. Opp. at 14) is misplaced because, as discussed above, they have not shown that they even have contractual indemnity rights to assert against Alliance or ComUnity, and Defendants cannot amend their

---

[2] Plaintiff has never argued that "related to" jurisdiction is precluded solely because proofs of claim are necessary to establish "related to" bankruptcy jurisdiction.  To the contrary, the confluence of facts here -- including Defendants' failure to have filed proofs of claim, the passage of bar dates, the confirmation of plans several years ago, and the lack of excusable neglect -- establish the absence of any reasonable legal basis for an indemnity claim against the debtors.  Defendants' authorities do not apply here because, in those cases, the removing parties had filed proofs of claim for indemnification, still had a right to do so, or had not yet had their potential indemnification claims barred.  Not one involved a bankruptcy court permitting untimely claims, years after the bar dates.  *See Allstate Ins. Co. v. ACE Sec. Corp.*, No. 11 Civ. 1914, 2011 WL 3628852 (S.D.N.Y. Aug. 17, 2011); *Mass. Bricklayers & Masons Trust Funds v. Deutsche Alt-A Sec., Inc.*, 399 B.R. 119 (E.D.N.Y. 2009); *City of Ann Arbor Emps. Ret. Sys. v. Citigroup Mortg. Loan Trust Inc.*, 572 F. Supp. 2d 314 (E.D.N.Y. 2008); *Lone Star Fund V (US), LP v. Barclays Bank PLC*, 594 F.3d 383 (5th Cir. 2010) (district court opinion makes clear proof of claim was filed); *Fed. Home Loan Bank of Chi. v. Banc of Am. Sec. LLC*, 448 B.R. 517 (C.D. Cal. 2011) (proof of claim for future indemnification of legal costs); *Stichting Pensioenfonds ABP v. Countrywide Fin. Corp.*, 447 B.R. 302 (C.D. Cal. 2010).

[3] Contrary to Defendants' assertion, Plaintiff did not "admit" that RFC filed a "relevant" proof of claim (Def. Opp. at 11), but merely recognized that Defendants would argue relevancy because the repurchase claim concerned loan misrepresentations.

Notice of Removal through their opposition brief to rely on Southstar. *See Bernadin v. Am. Airlines*, No. 08-cv-17774, 2009 WL 1910964, at *1, *3 (E.D.N.Y. July 1, 2009).  Moreover, and in any event, there still would be no *reasonable* legal basis for related-to jurisdiction with respect to the Alliance and ComUnity proceedings because no indemnification claims have been asserted, the bar dates elapsed more than two years ago, and the Alliance Chapter 7 trustee is seeking to disallow RFC's claim entirely as well as to obtain more than $30 million *from* RFC (Mark Decl. Exs. 34, 49 – bar dates of April 7, 2008 and April 22, 2009, respectively; Ex. 32).

Faced with this factual record, Defendants' only rejoinder is that this Action *could* conceivably affect the identified bankruptcies because Defendants *could* petition the bankruptcy courts for leave to assert *untimely* claims.  (Def. Opp. at 13).  Apart from presenting no basis for "related to" jurisdiction, this string of hypotheticals ignores and is rendered unreasonable by Rule 9006(b)(1), which only "empowers a bankruptcy court to permit a late filing if the movant's failure [to timely file] 'was the result of excusable neglect.'"  *Pioneer Inv. Servs. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 382, 385 (1993) (listing applicable factors for "excusable neglect").  Here, in addition to their failure to file proofs of claims, Defendants have not represented any intention to do so even though this Action has been pending for three months, and have offered no facts sufficient to justify any "excusable neglect" finding.  The reach of "related to" jurisdiction does not extend, and has never been extended, so far.  *See Allstate Ins. Co. v. Credit Suisse Sec. (USA) LLC*, No. 11 Civ. 2232, 2011 WL 4965150, at *5 (S.D.N.Y. Oct. 19, 2011) (rejecting argument that bankruptcy court might allow time-barred claim); *Allstate Ins. Co. v. Merrill Lynch & Co.*, No. 11 Civ. 2280, 2011 U.S. Dist. LEXIS 124333, at *8-10 (S.D.N.Y. Aug. 15, 2011) (same).  Allowing Defendants to remove this Action on the remote and speculative possibility that a bankruptcy court might one day disturb the orderly distribution of assets it set in motion years before, would unduly broaden "related to" bankruptcy jurisdiction

and would undermine the efficient and expeditious administration of bankruptcy estates by

calling into question the finality of plan confirmation and distributions from debtors' estates.

The relevant information regarding the 11 bankruptcy proceedings is summarized below:

| Debtor | Contractual Indemnification | Proof of Claim | Reasonable Legal Basis for Indemnification Claim |
|--------|------------------------------|----------------|--------------------------------------------------|
| Alliance Bancorp | No | | |
| ComUnity | No | | |
| Fieldstone | Yes | No | No. *No POC; bar date 3 years ago; reorg. plan confirmed 3 years ago* |
| First Magnus | No | | |
| First NLC | No | | |
| HomeBanc | No | | |
| New Century | No | | |
| Oak Street | Yes | No | No. *No POC; bar date 4 years ago; Chap. 7 liquidation* |
| OwnIt | Yes | No | No. *No POC; bar date 2 years ago; reorg. plan confirmed 3 years ago* |
| People's Choice | Yes | Yes | No. *POC does not assert indemnification claim; bar date 4 years ago; liquidation plan confirmed 3 years ago; RFC voluntary reduction in filed claim* |
| Realty | No | | |

## II.   THIS ACTION SHOULD BE EQUITABLY REMANDED

In any event, this Court should remand this Action based on equitable considerations.

First, Defendants' arguments concerning the "significant federal interests" in this case simply

ignore that the FHFA, a federal agency, filed this complaint (and three others) in state court.

Defendants cite no legal authority -- and we know of none -- requiring Plaintiff (or any other

litigant) to explain its litigation strategy.  Second, Defendants cannot seriously contend that

federal bankruptcy issues predominate over state law issues where, as here, Defendants are not

seeking to transfer this Action to the respective bankruptcy courts to adjudicate supposedly

existing claims for legal fees, they concede that the case does not present core bankruptcy issues,

and they do not consent to the entry of final orders or judgment by the bankruptcy judge.  Third,

comity implicates the state court's sovereignty.  *See Lupo v. Human Affairs Int'l, Inc.*, 28 F.3d

269, 274 (2d Cir. 1994).  Neither the state court's investment of resources nor the federal court's

ability to adjudicate state law claims is relevant to that inquiry.  Further, as to judicial economy,

parties can, and frequently do, voluntarily coordinate litigation of state and federal actions.

Regardless, the conservatorship of Freddie Mac presents unique issues with far-reaching

ramifications, such that Congress granted the Conservator maximum flexibility in exercising its

powers, including the Conservator's choice of venue.  12 U.S.C. §§ 4617(b)(2)(A), 4617(f).

## III.    REMOVAL IS NOT PERMITTED UNDER 28 U.S.C. § 1441(b)

Contrary to Defendants' contention, Section 1441(b) provides no independent basis for

removal, and Defendants' interpretation of this provision is inconsistent with the statutory

removal scheme and would defeat congressional intent in enacting Section 22(a) of the '33 Act.

"As a rule of interpretation, '[i]n light of the congressional intent to restrict federal court

jurisdiction, as well as the importance of preserving state governments, federal courts construe

the removal statute narrowly, resolving any doubts against removability.'"  *Arrow Fin. Servs.,*

*LLC v. Massil*, No. 08-cv-437, 2009 WL 348553, at *3 (E.D.N.Y. Feb. 11, 2009).  Consistent

with this rule of statutory interpretation, Section 1441(b) serves as a *limitation* on the right of

removal set forth in Section 1441(a).  *See Eriksen v. Moore Mill & Lumber Co.*, 157 F. Supp.

888, 890 (D. Or. 1958).  Properly read, "§ 1441(a) lays out the general right to removal, and

§ 1441(b) lays down the rules and restrictions in diversity cases."  *Highland Crusader Offshore*

*Partners v. Motient Corp.*, No. A-06-CA-540, 2006 WL 3358425, at *3 n.4 (W.D. Tex. Nov. 17,

2006); *accord Arrow*, 2009 WL 348553, at *5 (same); *First Nat'l Bank of Pulaski v. Curry*, 301

F.3d 456, 461 n.3 (6th Cir. 2002) ("Section 1441(b) places an important limitation on the right of

removal created in § 1441(a) in cases in which diversity is asserted, but it does not establish an

independent right to removal."); *Kelly v. Drake Beam Morin, Inc.*, 695 F. Supp. 354, 357 (E.D.

Mich. 1988) (same).

Defendants' reading of Section 1441(b) should be rejected because it effectively would

repeal scores of anti-removal statutes even though those statutes expressly prohibit removing

cases involving federal questions, as well as Section 1441(a)'s provision against removal where expressly provided by Congress.[4]  Indeed, Defendants' interpretation would permit removal of all '33 Act claims despite Section 22(a)'s express prohibition that "no case arising under this title and brought in any State court of competent jurisdiction shall be removed to any court of the United States."  15 U.S.C. § 77v(a).  The same would be true for other anti-removal provisions, such as those pertaining to the Violence Against Women Act, 28 U.S.C. § 1445(d), the Interstate Land Sales Full Disclosure Act, 15 U.S.C. § 1719, and the Condominium and Cooperative Abuse Relief Act of 1980, 15 U.S.C. § 3612.  Moreover, "the provision in § 1441(a) against removal where expressly prohibited by Congress would be lost in cases if § 1441(b) were regarded as an independent basis for removal."  *Eriksen*, 157 F. Supp. at 890 (remand granted).  This Court should reject such a perverse result.  *See Nat'l Ass'n of Home Builders v. Defenders of Wildlife*, 551 U.S. 644, 663 (2007) (repeals by implication not favored or presumed); *Helvering v. Hammel*, 311 U.S. 504, 510-11 (1941) ("courts in the interpretation of a statute have some scope for adopting a restricted rather than a literal or usual meaning of its words where acceptance of that meaning would lead to absurd results . . . or would thwart the obvious purpose of the statute"); *Smolowe v. Delendo Corp.*, 136 F.2d 231, 235-38 (2d Cir. 1943) (rejecting

---

[4] Defendants' authorities do not support removal of this case under § 1441(b).  Although the court in *Gallagher v. Donald*, 803 F. Supp. 899 (S.D.N.Y. 1992), distinguishes between securities law cases and securities law claims embedded in broader cases arising under other federal laws, such a distinction provides no guidance or rational limitation on the Defendants' proposed expansion of federal jurisdiction.  Anti-removal statutes are often worded as prohibitions against removing cases "arising under" the statute, *e.g.*, 28 U.S.C. § 1445(d), 15 U.S.C. § 1719, 15 U.S.C. § 3612, and plaintiffs frequently pursue more than one type of claim.  Furthermore, *Gallagher* misapplies the rule of statutory construction regarding specific provisions prevailing over general ones because the class of claims covered by Section 22(a), securities claims, is more specific than federal questions, and should therefore control.

Moreover, Defendants' reliance on *CALPERS v. Worldcom, Inc.*, 368 F.3d 86, 106 (2d Cir. 2004), is misplaced because, there, it was the legislative intent to grant broad bankruptcy jurisdiction, combined with the enactment date and text of Section 1452(a) that allowed the court to conclude that Section 1452(a) trumped Section 22(a)'s anti-removal provision.  Here, in contrast, courts are instructed to construe Section 1441 narrowly, based on Congress's intent to limit federal court jurisdiction and the importance of preserving state governments.  Defendants' other authorities are also inapplicable because none involved a conflict between Sections 1441(a) and (b) regarding an anti-removal statutory provision, and the removing party asserted 1441(b) as its basis for removal, which the courts accepted without analysis.  *See Federated Dep't Stores, Inc. v. Moitie*, 452 U.S. 394, 405-06 (1981); *Greenberg v. Veteran*, 889 F.2d 418, 420 (2d Cir. 1989); *Igolnikov v. Mallah Org., Inc.*, No. 92 Civ. 7199, 1993 WL 227769, at *1 (S.D.N.Y. June 22, 1993); *Wilson v. Doss*, No. 2:09-cv-21, 2009 WL 2567950, at *2 (M.D. Ala. Aug. 14, 2009).

interpretation of Section 16(b) of the Securities Exchange Act of 1934 that would have "render[ed] senseless" stockholder protection provisions and virtually defeated the law entirely).

Equally meritless is Defendants' contention that Congress intended for all actions involving Freddie Mac to be removable.  (Def. Opp. at 24).  Section 1452(f)(3), part of the authorizing statute on which that argument is premised, grants the removal option only to Freddie Mac:  "any civil or other action . . . to which the Corporation is a party may at any time before the trial thereof be removed *by the Corporation*."  12 U.S.C. § 1452(f)(3) (emphasis added).  Thus, "only plaintiff -- the Corporation -- has the authority to remove a civil case that otherwise does not invoke either federal question or diversity jurisdiction; defendants may not do so."  *Fed. Home Loan Mortg. Corp. v. Searcy*, No. Civ. S-11-1681, 2011 U.S. Dist. LEXIS 70753, at *4 (E.D. Cal. June 30, 2011).  Moreover, Defendants disregard the fact that the Conservator has filed this lawsuit and chosen its forum pursuant to the expansive powers granted to it by Congress.

## **CONCLUSION**

Based on the foregoing, this Court should remand this Action and grant Plaintiff its attorneys' fees and costs associated with motion.

New York, New York
December 16, 2011

KASOWITZ, BENSON, TORRES
 & FRIEDMAN LLP

By:          /s/ Marc E. Kasowitz
    Marc E. Kasowitz (mkasowitz@kasowitz.com)
    Hector Torres (htorres@kasowitz.com)
    Michael S. Shuster (mshuster@kasowitz.com)
    Christopher P. Johnson (cjohnson@kasowitz.com)
    Kanchana Wangkeo Leung (kleung@kasowitz.com)

1633 Broadway
New York, New York 10019
(212) 506-1700
*Attorneys for Plaintiff*

10