September 12, 2013

**VIA ECF AND HAND DELIVERY**

The Honorable Denise L. Cote
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street, Room 1610
New York, NY 10007-1312

Re:   *FHFA Actions*

Dear Judge Cote:

We write on behalf of FHFA in response to two September 9, 2013 letters submitted by Defendants seeking (1) additional deposition time and (2) nine additional depositions of specific GSE witnesses.[1] Defendants have ignored the Court's direction, and have separately submitted requests that are broadly based, are not jointly presented, and do not specify the total number of additional depositions sought. *See* 7/31/13 Order at 2, Dkt. 583 (JPMorgan) ("[D]efendants may jointly present any renewed request for additional depositions at such time as they are able to determine the total number of additional depositions that will requested, rather than presenting such requests ad seriatim."). These requests should be denied.

Defendants' collective assertion that they "cannot adequately defend" the claims against them without "conducting more than 20 depositions" is unfounded. Defendants first noticed fact witnesses on March 13, 2013. In the six months since then, Defendants have deposed just seven witnesses, and have thirteen fact depositions left to complete (of which only eight have been noticed). Defendants cite no compelling deposition evidence supporting this renewed request for additional deposition time, and having only completed seven depositions have done little to develop such a record.[2] Both the Fraud and Non-Fraud Defendants may obtain sufficient

---

[1] Collectively, Defendants request that the Court grant them: (1) the ability to split the five, two-day depositions that they have not yet noticed into separate one-day depositions; (2) ten additional deposition days, which may be used to take between five and ten additional depositions; and (3) nine additional depositions of specific GSE employees (separately requested by the Fraud and First Horizon Defendants). These requests, if granted, will double Defendants' allotted depositions.

[2] While making at least six prior requests for additional fact and 30(b)(6) depositions, Defendants have on numerous occasions failed to use their allotted time efficiently, as the Court has already noted. 8/14/13 Hr'g Tr. at 63:6-21 ("There were whole lines of inquiry . . . that were not asked, that if you really wanted to know how [Mr. Aneiro] made his decisions and what criteria he applied, I would have thought those would have been asked right up front so you could have then had an understanding . . . ."). Mr. Aneiro's transcript was lodged with the Court. Defendants' insistence on squandering the ample deposition time that already has been allotted to them was well demonstrated during the September 11, 2013 deposition of Fannie Mae PLS trader, Ashley Dyson, during which counsel for the Merrill Lynch and Bank of America Defendants failed to ask a single question about a trade ticket, prospectus supplement, or term sheet, or why Ms. Dyson purchased a particular deal. Counsel repeatedly requested that Ms. Dyson speculate in responding to questions concerning issues about which she testified she did not have personal knowledge or any recollection. *E.g.*, 9/11/13 A. Dyson Depo. Rough Tr. (Ex. A) at ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮. Defense counsel also wasted a full half hour questioning Ms. Dyson about a ▮▮▮▮▮▮▮▮▮▮

testimony in their remaining depositions and 30(b)(6) deposition of FHFA to defend against FHFA's assertions. Having completed only a third of their allotted depositions, and having failed to develop a record to support these renewed requests, Defendants' applications should be denied. Defendants' separate requests are addressed in turn, below.

The Non-Fraud Defendants claim that, to "accommodate their need for critical discovery," the Court should permit Defendants to split allotted two-day depositions into one-day depositions of separate witnesses. This request is simply another attempt to expand the number of depositions without showing a demonstrable need. Tellingly, Defendants have not indicated how many one-day depositions should be permitted, nor indicated which witnesses would be deposed for one day. Instead, their cursory application is supported by a list of 20 witnesses they seek to depose, in addition to the 15 witnesses they have already deposed or noticed. Defendants admit that this list of names is not final, suggesting that Defendants may raise more requests in the future for additional depositions. In any event, the Court authorized 20 depositions not to exceed 14 hours each, not 35 or more depositions of varying length. The Non-Fraud Defendants provide no basis for their renewed request to alter that original allocation.

The Non-Fraud Defendants also argue that these proposals "will not prejudice FHFA." Not so. Each deposition consumes precious monetary and attorney resources in an already costly litigation. Regardless of whether a deposition lasts one day or two, FHFA will be required to invest significant time and resources to prepare for that deposition. Witness time and resources would also be consumed in abundance. 16 of Defendants' 20 requested deponents are former GSE employees who have no current connection to the GSEs or this litigation. Nor is it the case that Defendants' proposed changes to the current deposition protocol could be accepted without compromises to the current litigation schedule. Defendants' submissions omit three key facts: that (1) September and October are largely booked with GSE depositions, (2) Defendants unilaterally suspended depositions in July;[3] and (3) Defendants have repeatedly refused to take more than one GSE deposition on a given day. That leaves just one month, not three, in which to schedule all of Defendants' requested depositions prior to the close of fact discovery in these Actions. The Non-Fraud Defendants' request would threaten that schedule.

The Fraud and First Horizon Defendants' separate request for nine additional depositions also fails to provide any compelling basis for relief. First Horizon again requests to depose former Freddie Mac employee Kathryn Gillia and add her as a document custodian. The Court has already denied this request. *See* 7/31/13 Order, Dkt. 583 (JPMorgan). First Horizon merely attaches its already-addressed July 12 letter and exhibit as support for its argument, and provides

---

[REDACTED] Testimony of this kind will not help Defendants refute FHFA's claims, nor will it demonstrate that the GSEs were on inquiry notice of specific misrepresentations prior to September 6, 2007. *See* 6/28/13 Op. and Order, Dkt. 514 (JPMorgan). FHFA should not be forced to bear the burden of preparing additional witnesses due to the imprecise and inefficient questioning conducted by Defense counsel to date.

[3] As described in FHFA's August 13 submission regarding the deposition of Mr. Frank Vetrano, Defendants suspended the existing deposition schedule for over two weeks. When Defendants were ready to proceed, they requested deposition dates for the majority of the noticed deponents in September and October. Eight weeks elapsed between Defendants' last fact deposition (Paul Norris) and the deposition of Ms. Dyson, which was completed today.

no reason why the Court should reconsider its ruling regarding Ms. Gillia. The Court should deny that request once again.

The Fraud and First Horizon Defendants also seek to depose three former Freddie Mac traders – Lori Geftic, John Dimitri, and Perri Henderson. As set forth more fully in FHFA's July 18, 2013 submission to the Court, this testimony is likely to be redundant of testimony given by former Freddie Mac traders Michael Aneiro and David Hackney. *See* 7/18/13 Letter from FHFA at 1-2 (Ex. B). No new argument is offered to support the request as to these witnesses. As to the request to depose John Ingram, current Fannie Mae in-house counsel, and Cindy Workman, a former Fannie Mae employee who worked for Mr. Ingram as a paralegal, Defendants misrepresent Fannie Mae trader Paul Norris' deposition testimony regarding their roles. The due diligence performed by Mr. Ingram's team was related to anti-predatory lending review, not pre-purchase loan-file due diligence, as claimed. ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ As previously shown, Fannie Mae did not engage in pre-purchase loan-file due diligence reviews. *See* 2/20/13 Ltr. from FHFA at 1 (Ex. C). The Fraud Defendants' request to depose former Fannie Mae employees Eric Rosenblatt, Andre Gao, and Crescent Martin is another unfounded attempt to pursue expanded discovery regarding appraisal bias reports that has been rejected repeatedly by the Court. The Fraud Defendants concede that these depositions are related to their prior, failed requests, 9/9/13 Ltr from P. Shane at 2, and provide no basis for the Court to reverse its prior ruling that FHFA has provided Defendants with "access to appraisal bias documents where appropriate." 8/12/13 Mem. Endorsement, Dkt. 445 (Deutsche Bank). Just as it denied Defendants' request that FHFA add these individuals as documents custodians and rejected Defendants' other requests for appraisal related discovery, *see id.*; 8/14/13 Hr'g Tr. at 59:8-19, neither should it require FHFA to produce these individuals for depositions that will not count against the 20-deposition limit.

Both the Fraud and Non-Fraud Defendants remain at liberty to prioritize the witnesses they desire to notice, and use their remaining five notices as they see fit.[4] Having failed to cite new evidence to support their renewed request or even make substantial progress in conducting their allotted depositions, FHFA respectfully requests that the Court deny Defendants' applications for additional deposition testimony.

---

[4] The Court has repeatedly explained that the 20-deposition limit is reasonable in a complex litigation of this size because Defendants do not need to depose every GSE employee who may have had some involvement with the Securitizations or contact with Defendants to defend against FHFA's claims. *See, e.g.*, 6/13/2012 Hr'g. Tr. at 19:11-16; 4/26/2013 Hr'g. Tr. at 71:21-72:4. The Court was aware of Defendants' various competing interests when it imposed these limits. Defendants' circumstances have not changed. Neither should their deposition allotment. As the Court has recognized, "this will be largely a document case." 8/14/13 Hr'g Tr. at 63:3-5.

Respectfully submitted,

| | |
|---|---|
| /s/ Jonathan Oblak | /s/ Kanchana Wangkeo Leung |
| Jonathan Oblak | Kanchana Wangkeo Leung |
| (jonoblak@quinnemanuel.com) | (kleung@kasowitz.com) |
| QUINN EMANUEL URQUHART & SULLIVAN, LLP | KASOWITZ, BENSON, TORRES & FRIEDMAN LLP |
| 51 Madison Avenue, 22nd Floor | 1633 Broadway |
| New York, NY 10010 | New York, New York 10019 |
| *Attorney for Plaintiff Federal Housing Finance Agency* | *Attorney for Plaintiff Federal Housing Finance Agency* |

cc: All counsel of record (via email)