UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------------- x

FEDERAL HOUSING FINANCE AGENCY, etc.,

              Plaintiff,

      v.

JPMORGAN CHASE & CO., et al.,

             Defendants.

   :  **PLAINTIFF'S**
   :  **MEMORANDUM OF LAW**
   :  **IN SUPPORT OF ITS**
   :  **MOTION FOR PARTIAL**
   :  **SUMMARY JUDGMENT ON**
   :  **DEFENDANTS' LOSS**
   :  **CAUSATION DEFENSE**
   :  **UNDER THE VIRGINIA AND**
   :  **D.C. BLUE SKY LAWS**
   :
   :  11 Civ. 6188 (DLC)

---------------------------------------------------------------- x

FEDERAL HOUSING FINANCE AGENCY, etc.,

              Plaintiff,

      v.

HSBC NORTH AMERICA HOLDINGS, INC., et al.,

             Defendants.

   :  11 Civ. 6189 (DLC)

---------------------------------------------------------------- x

FEDERAL HOUSING FINANCE AGENCY, etc.,

              Plaintiff,

      v.

BARCLAYS BANK PLC, et al.,

             Defendants.

   :  11 Civ. 6190 (DLC)

---------------------------------------------------------------- x

```
-----------------------------------------------------------------  x
                                                                   :
                                                                   :
                                                                   :
FEDERAL HOUSING FINANCE AGENCY, etc.,                              :
                                                                   :   11 Civ. 6192 (DLC)
                            Plaintiff,                             :
                      v.                                           :
                                                                   :
DEUTSCHE BANK AG, et al.,                                          :
                                                                   :
                            Defendants.                            :
                                                                   :
-----------------------------------------------------------------  x
                                                                   :
                                                                   :
                                                                   :
FEDERAL HOUSING FINANCE AGENCY, etc.,                              :
                                                                   :   11 Civ. 6193 (DLC)
                            Plaintiff,                             :
                      v.                                           :
                                                                   :
FIRST HORIZON NATIONAL CORP., et al.,                             :
                                                                   :
                            Defendants.                            :
                                                                   :
-----------------------------------------------------------------  x
                                                                   :
                                                                   :
                                                                   :
FEDERAL HOUSING FINANCE AGENCY, etc.,                              :
                                                                   :   11 Civ. 6195 (DLC)
                            Plaintiff,                             :
                      v.                                           :
                                                                   :
BANK OF AMERICA CORP., et al.,                                    :
                                                                   :
                            Defendants.                            :
                                                                   :
-----------------------------------------------------------------  x
                                                                   :
                                                                   :
                                                                   :
FEDERAL HOUSING FINANCE AGENCY, etc.,                              :
                                                                   :   11 Civ. 6198 (DLC)
                            Plaintiff,                             :
                      v.                                           :
                                                                   :
GOLDMAN, SACHS & CO., et al.,                                     :
                                                                   :
                            Defendants.                            :
                                                                   :
```

```
------------------------------------------------------------------ x
                                                                   :
                                                                   :
FEDERAL HOUSING FINANCE AGENCY, etc.,                              :
                                                                   :
                    Plaintiff,                                     :   11 Civ. 6200 (DLC)
                                                                   :
               v.                                                  :
                                                                   :
CREDIT SUISSE HOLDINGS (USA), INC., et al.,                        :
                                                                   :
                    Defendants.                                    :
                                                                   :
------------------------------------------------------------------ x
                                                                   :
                                                                   :
FEDERAL HOUSING FINANCE AGENCY, etc.,                              :
                                                                   :
                    Plaintiff,                                     :   11 Civ. 6201 (DLC)
                                                                   :
               v.                                                  :
                                                                   :
NOMURA HOLDING AMERICA, INC., et al.,                              :
                                                                   :
                    Defendants.                                    :
                                                                   :
------------------------------------------------------------------ x
                                                                   :
                                                                   :
FEDERAL HOUSING FINANCE AGENCY, etc.,                              :
                                                                   :
                    Plaintiff,                                     :   11 Civ. 6202 (DLC)
                                                                   :
               v.                                                  :
                                                                   :
MERRILL LYNCH & CO., INC., et al.,                                 :
                                                                   :
                    Defendants.                                    :
                                                                   :
------------------------------------------------------------------ x
                                                                   :
                                                                   :
FEDERAL HOUSING FINANCE AGENCY, etc.,                              :
                                                                   :
                    Plaintiff,                                     :   11 Civ. 6203 (DLC)
                                                                   :
               v.                                                  :
                                                                   :
SG AMERICAS, INC., et al.,                                         :
                                                                   :
                    Defendants.                                    :
                                                                   :
```

```
------------------------------------------------------------------ x
                                                                   :
                                                                   :
                                                                   :
FEDERAL HOUSING FINANCE AGENCY, etc.,                              :
                                                                   :
                  Plaintiff,                                       :   11 Civ. 6739 (DLC)
                                                                   :
          v.                                                       :
                                                                   :
MORGAN STANLEY, et al.,                                            :
                                                                   :
                  Defendants.                                      :
                                                                   :
------------------------------------------------------------------ x
                                                                   :
                                                                   :
                                                                   :
FEDERAL HOUSING FINANCE AGENCY, etc.,                              :
                                                                   :
                  Plaintiff,                                       :   11 Civ. 7010 (DLC)
                                                                   :
          v.                                                       :
                                                                   :
ALLY FINANCIAL INC., et al.,                                       :
                                                                   :
                  Defendants.                                      :
                                                                   :
------------------------------------------------------------------ x
```

| | |
|---|---|
| QUINN EMANUEL URQUHART & SULLIVAN, LLP | KASOWITZ, BENSON, TORRES & FRIEDMAN LLP |
| Philippe Z. Selendy<br>Manisha M. Sheth<br>Jordan A. Goldstein<br>Toby E. Futter | Marc E. Kasowitz<br>Christopher P. Johnson<br>Michael A. Hanin<br>Kanchana Wangkeo Leung |
| 51 Madison Avenue, 22nd Floor<br>New York, New York  10010<br>(212) 849-7000 | 1633 Broadway<br>New York, New York 10019<br>(212) 506-1700 |

*Attorneys for Plaintiff Federal Housing Finance Agency,*
*as Conservator for Fannie Mae and Freddie Mac*

**TABLE OF CONTENTS**

**Page**

PRELIMINARY STATEMENT ......................................................................................................1

I.  DEFENDANTS' "LOSS CAUSATION" DEFENSE FAILS AS A MATTER OF
    LAW UNDER VIRGINIA'S BLUE SKY LAW ...............................................................2

    A.  Defendants' "Loss Causation" Defense Is Incompatible With The Plain
        Language Of Virginia's Blue Sky Law ...............................................................2

    B.  Defendants' "Loss Causation" Defense Is Inconsistent With The Nature
        Of The Remedy Provided By Virginia's Blue Sky Law...........................................5

    C.  Case Law Rejects A "Loss Causation" Requirement Or Defense..........................7

    D.  The History Of The Virginia Blue Sky Law Further Confirms That The
        Law Does Not Include A "Loss Causation" Defense ...............................................8

II.  DEFENDANTS' "LOSS CAUSATION" DEFENSE ALSO FAILS AS A
     MATTER OF LAW UNDER THE DISTRICT OF COLUMBIA'S BLUE SKY
     LAW ...............................................................................................................................11

CONCLUSION..............................................................................................................................13

# TABLE OF AUTHORITIES

**Page**

## Cases

*Apollo Theater Found., Inc. v. Western International Syndication*,
  No. 02 Civ. 10037 (DLC), 2005 WL 1041141 (S.D.N.Y. May 5, 2005) ..................................2

*Boynton v. Kilgore*,
  623 S.E.2d 922 (Va. 2006)..........................................................................................................3

*Bradley v. Hullander*,
  249 S.E.2d 486 (S.C. 1978) ........................................................................................................8

*Cohen v. Strouch*,
  No. 10 Civ. 7828 (DLC), 2011 WL 6181344 (S.D.N.Y. Dec. 13, 2011) ..................................2

*Commonwealth ex rel. Va. Department of Corrections v. Brown*,
  529 S.E.2d 96 (Va. 2000)............................................................................................................4

*Commonwealth v. Jefferson*,
  732 S.E.2d 728 (Va. Ct. App. 2012) ...........................................................................................4

*Dunn v. Borta*,
  369 F.3d 421 (4th Cir. 2004) ...........................................................................................5, 7, 8, 10

*Duperier v. Texas State Bank*,
  28 S.W.3d 740 (Tex. App. 2000).................................................................................................8

*FHFA v. Deutsche Bank AG*,
  903 F. Supp. 2d 285 (S.D.N.Y. 2012).........................................................................................2

*FHFA v. Merrill Lynch & Co.*,
  903 F. Supp. 2d 274 (S.D.N.Y. 2012)......................................................................................3, 6

*FHFA v. Ally Financial Inc.*,
  11 Civ. 7010 (DLC) .....................................................................................................................1

*FHFA v. First Horizon National Corp.*,
  11 Civ. 6193 (DLC) .....................................................................................................................1

*FHFA v. UBS Americas, Inc.*,
  11 Civ. 5201 (DLC) (S.D.N.Y. 2013)..........................................................................................1

*FHFA v. UBS Americas, Inc.*,
  11 Civ. 5201 (DLC) (S.D.N.Y. 2013)..........................................................................................2

*Forrestal Village, Inc. v. Graham*,
  551 F.2d 411 (D.C. Cir. 1977)...................................................................................................12

*Grand v. Nacchio*,
  147 P.3d 763 (Ariz. Ct. App. 2006)............................................................................................8

*Green v. Occidental Petroleum Corp.*,
   541 F.2d 1335 (9th Cir. 1976) ...................................................................6

*Guidry v. Sheet Metal Workers National Pension Fund*,
   493 U.S. 365 (1990) ................................................................................5

*Gustafson v. Alloyd Co.*,
   513 U.S. 561 (1995) ............................................................................9, 12

*Lolkus v. Vander Wilt*,
   141 N.W.2d 600 (Iowa 1966) ..................................................................8

*Lucas v. Downtown Greenville Investors Ltd. Partnership*,
   671 N.E.2d 389 (Ill. App. Ct. 1996) ........................................................8

*Marram v. Kobrick Offshore Fund, Ltd.*,
   809 N.E.2d 1017 (Mass. 2004) ................................................................8

*In re Merrill Lynch Auction Rate Securities Litigation*,
   758 F. Supp. 2d 264 (S.D.N.Y. 2010) (Louisiana) ..................................8

*Pollok v. Commonwealth*,
   229 S.E.2d 858 (Va. 1976).......................................................................5

*Premier Capital Management, LLC v. Cohen*,
   No. 02-C-5368, 2008 WL 4378300 (N.D. Ill. Mar. 24, 2008) .................7

*Randall v. Loftsgaarden*,
   478 U.S. 647 (1986)..............................................................................6, 9

*Ritch v. Robinson-Humphrey Co.*,
   748 So. 2d 861 (Ala. 1999) ......................................................................8

*Schmidt v. Goddin*,
   297 S.E.2d 701 (Va. 1982).......................................................................4

*Weathers v. Commonwealth*,
   553 S.E.2d 729 (Va. 2001).....................................................................10

*In re WorldCom, Inc. Securities Litigation*,
   293 B.R. 308 (S.D.N.Y. 2003).................................................................4

**Statutes**

15 U.S.C. § 77a ................................................................................................1

15 U.S.C. § 77l(b) .......................................................................................2, 9

D.C. Code § 31-5606.05 ..................................................................1, 11, 12, 13

D.C. Law 13-203, § 605(b)(1) (2000)...........................................................12

Pub. L. No. 104-67, § 105 (1995) .................................................................. 9

Uniform Securities Act of 2002 § 509 ..................................................................................10, 11

Va. Code Ann. § 13.1-522 ........................................................................1, 3, 10, 11, 12

**<u>Miscellaneous</u>**

Dan B. Dobbs,
  *Law of Remedies: Damages-Equity-Restitution* (2d ed. 1993) .................................................6

Joseph C. Long,
  *Blue Sky Law* (2013) ...........................................................................................7, 6, 9, 11

Harold S. Bloomenthal & Samuel Wolff,
  *Securities Law Handbook* (2013)...........................................................................................9

Norman Singer & J.D. Shambie Singer,
  *Sutherland Statutes and Statutory Construction* (7th ed. 2012) ...............................................10

Louis Loss, Joel Seligman & Troy Paredes,
  *Securities Regulation* (4th ed. 2013)......................................................................................6

Felix Frankfurter,
  *The Federal Securities Act: II*, Fortune, Aug. 1933 ..................................................................9

Plaintiff Federal Housing Finance Agency ("FHFA"), as Conservator for the Federal National Mortgage Association ("Fannie Mae") and the Federal Home Loan Mortgage Corporation ("Freddie Mac," and together with Fannie Mae, the "GSEs"), respectfully submits this memorandum of law in support of its motion for partial summary judgment on Defendants' asserted loss causation defense under the District of Columbia and Virginia blue sky laws.[1]

## PRELIMINARY STATEMENT

FHFA has sued in the above-captioned actions (the "Actions") not only under the Securities Act of 1933 (the "'33 Act"), ch. 38, 48 Stat. 74 (codified as amended at 15 U.S.C. § 77a *et seq*.), but also under the "Blue Sky" laws of both Virginia and the D.C., Va. Code Ann. § 13.1-522; D.C. Code § 31-5606.05.[2]  Both the Virginia and D.C. Blue Sky laws provide a rescissory remedy whereby a party selling securities pursuant to false or misleading offering materials must return to the purchaser the amounts paid for the securities.  *See also id*. (providing for the "substantial equivalent in damages" if the purchaser "no longer owns the security"). Defendants have asserted a "loss causation" defense to FHFA's Blue Sky claims seeking to limit FHFA's recovery under those claims to losses directly related to the subject of their misstatements or omissions.  *See* Defs. JPMorgan Chase & Co.'s Answer and Defenses 189, 191, Dec. 17, 2012, ECF No. 267; *see also FHFA v. UBS Ams., Inc.*, 11 Civ. 5201 (DLC) (S.D.N.Y. 2013), Hr'g Tr. 56:6-12, Feb. 21, 2013 (asserting plans to raise a loss causation defense against

---

[1]  References to "Exhibits" are to the Exhibits to the accompanying respective Declarations of Jordan A. Goldstein and Kanchana Wangkeo Leung.

[2]  FHFA has asserted claims under both the Virginia and D.C. Blue Sky statutes in all the Actions, with the exception of *FHFA v. First Horizon National Corp.*, 11 Civ. 6193 (DLC), where it has sued only under the District of Columbia statute, and *FHFA v. Ally Financial Inc.*, 11 Civ. 7010 (DLC), where it has sued only under the Virginia statute.  The claims based on purchases by Freddie Mac, which is based in Virginia, are asserted under the Virginia Blue Sky law, and the claims based on purchases by Fannie Mae, which is based in the District of Columbia, are asserted under the D.C. Blue Sky law.

1

both FHFA's Blue Sky claims and '33 Act claims).  As this Court has recognized, however, the

Virginia and D.C. Blue Sky laws do not contain any provision authorizing a loss causation

defense.  *See FHFA v. UBS Ams., Inc.*, 11 Civ. 5201 (DLC) (S.D.N.Y. 2013), Hr'g Tr. 13:9-18,

June 13, 2013.  Indeed, as the case law and leading treatises have recognized, such a defense is

incompatible with the plain language of both laws, the nature of the rescissory remedy, and the

public policy of protecting investors that underlies these laws.  The '33 Act supports this

conclusion: in 1995, Congress amended Section 12 of the '33 Act to add an express "loss

causation" defense reducing the purchaser's recovery by any portion that the defendants proves

was not caused by the seller's misrepresentations or omission, *see* Private Securities Litigation

Reform Act of 1995 ("PSLRA"), Pub. L. No. 104-67, § 105, 109 Stat. 737, 757 (codified at 15

U.S.C. § 77*l*(b)), but even though the Virginia and D.C. Blue Sky laws are patterned on the pre-

1995 version of Section 12, neither Virginia nor D.C. amended its laws to include a loss

causation defense.  FHFA therefore, respectfully requests that partial summary judgment be

entered as a matter of law against defendants' loss causation defenses to FHFA's Blue Sky

claims.  *See, e.g.*, *Cohen v. Strouch*, No. 10 Civ. 7828 (DLC), 2011 WL 6181344, at *1

(S.D.N.Y. Dec. 13, 2011) (entering partial summary judgment against an affirmative defense);

*Apollo Theater Found., Inc. v. W. Int'l Syndication*, No. 02 Civ. 10037 (DLC), 2005 WL

1041141, at *19 (S.D.N.Y. May 5, 2005) (same).

## ARGUMENT

## I.      DEFENDANTS' "LOSS CAUSATION" DEFENSE FAILS AS A MATTER OF LAW UNDER VIRGINIA'S BLUE SKY LAW

### A.      Defendants' "Loss Causation" Defense Is Incompatible With The Plain Language Of Virginia's Blue Sky Law

This Court properly denied defendants' motions to dismiss FHFA's Blue Sky claims,

holding that FHFA, on behalf of the GSEs, may assert claims under the Virginia and D.C. Blue

Sky laws. *See FHFA v. Deutsche Bank AG*, 903 F. Supp. 2d 285, 290-91 (S.D.N.Y. 2012). In so doing, the Court interpreted the Virginia and D.C. Blue Sky laws in light of the applicable law of those jurisdictions. *See FHFA v. Merrill Lynch & Co.*, 903 F. Supp. 2d 274, 279-80 (S.D.N.Y. 2012). Under Virginia law, "courts apply the plain language of a statute unless the terms are ambiguous." *Boynton v. Kilgore*, 623 S.E.2d 922, 926 (Va. 2006). There is no ambiguity in Virginia's Blue Sky law concerning "loss causation." The law nowhere provides for a loss causation defense, and such a defense is inconsistent with the remedy expressly provided by the law as well as the law's overriding purpose of protecting investors.

Virginia's Blue Sky law not only provides that a party may be held liable for misrepresentations and omissions in the sale of securities, but also sets forth the limited defenses that a party may assert as well as the available remedies. *See* Va. Code Ann. § 13.1-522(A).[3] Specifically, the law provides that a party "shall be liable" for selling a security by means of an untrue statement of material fact or material omission, unless the defendant sustains its burden of proving a heightened due diligence defense: that it "did not know, and in the exercise of reasonable care could not have known, of such untruth or omission." *Id.* It allows the purchaser

---

[3] Virginia's Blue Sky law provides in pertinent part:

Any person who . . . sells a security by means of an untrue statement of a material fact or any omission to state a material fact necessary in order to make the statement made, in the light of the circumstances under which they were made, not misleading (the purchaser not knowing of such untruth or omission), and who shall not sustain the burden of proof that he did not know, and in the exercise of reasonable care could not have known, of such untruth or omission, shall be liable to the person purchasing such security from him who may sue either at law or in equity to recover the consideration paid for such security, together with interest thereon at the annual rate of six percent, costs, and reasonable attorneys' fees, less the amount of any income received on the security, upon the tender of such security, or for the substantial equivalent in damages if he no longer owns the security.

Va. Code Ann. § 13.1-522(A).

of such a security, upon tendering the security back to the seller, "to recover the consideration paid for such security, together with interest thereon at the annual rate of six percent, costs, and reasonable attorneys' fees, less the amount of any income received on the security." *Id*.

There is no "loss causation" defense, and defendants' hypothesis of one is incompatible with the plain language of this statute. The Virginia Blue Sky law contains no provision for reducing recoveries to reflect that part of losses that may result from independent and exogenous market-wide events (if any) or other causes purportedly independent of the defendant's misstatement or omission. To the contrary, Virginia's Blue Sky law specifies a different and narrow affirmative defense: a seller may avoid liability solely by proving that it "did not know, and in the exercise of reasonable care could not have known, of such untruth or omission." *Id*. The plain language of the statute does not permit a seller that commits material misrepresentations or omissions, and that cannot sustain its burden of proof as to due diligence, to avoid any part of its liability based on loss causation arguments.

Nor can such a "loss causation" defense be judicially implied. Under Virginia law, a court is "not permitted to add words to a statute or to accomplish the same result by judicial interpretation." *Schmidt v. Goddin*, 297 S.E.2d 701, 704 (Va. 1982); *see also Commonwealth v. Jefferson*, 732 S.E.2d 728, 732 (Va. Ct. App. 2012) ("If the legislative intent is apparent from the plain language of the statute, this Court will not add to or subtract from the words used in the statute.") (internal quotation marks omitted). This is especially true where, as here, a statute already specifies a defense or remedy, and a defendant seeks to imply a new defense partially or completely exempting the defendant from the statutorily specified remedy. As the Court has recognized, when a Legislature includes an express provision in a statute, it implies the exclusion of similar provisions that were not included. *See, e.g.*, *In re WorldCom, Inc. Sec. Litig.*, 293 B.R. 308, 328 (S.D.N.Y. 2003) (Cote, J.) (noting the principle "[i]nclusio unius est exclusio alterius").

The Virginia courts recognize the same principle. *See, e.g.*, *Commonwealth ex rel. Va. Dep't of Corr. v. Brown*, 529 S.E.2d 96, 100 (Va. 2000) ("[W]here a statute speaks in specific terms, an implication arises that omitted terms were not intended to be included within the scope of the statute.").

In addition, any judicially implied limit on the recovery provided by Virginia's Blue Sky law would undermine the overriding purpose of the law. As the Virginia Supreme Court has noted, the Blue Sky law "is intended to protect investors from fraudulent sales of securities," *Pollok v. Commonwealth*, 229 S.E.2d 858, 859 (Va. 1976) (per curiam), and therefore its regulatory provisions should be interpreted liberally and its exemptions strictly, *id*. Accordingly, the law's remedies should be interpreted broadly and not judicially narrowed by incorporating implied defenses or limitations on recovery. *Dunn v. Borta*, 369 F.3d 421, 433 (4th Cir. 2004) (reasoning that because Virginia's Blue Sky law is intended to protect investors from sales of securities based on misrepresentations, "[i]t is therefore proper to construe a statutory ambiguity, if any exists, in favor of the investor"); *see also Guidry v. Sheet Metal Workers Nat'l Pension Fund*, 493 U.S. 365, 376 (1990) ("As a general matter, courts should be loath to announce equitable exceptions to legislative requirements or prohibitions that are unqualified by the statutory text.").

Thus, the plain language of Virginia's Blue Sky law as well as its overriding purpose of protecting investors preclude judicial implication of a "loss causation" defense into the law.

### B.   Defendants' "Loss Causation" Defense Is Inconsistent With The Nature Of The Remedy Provided By Virginia's Blue Sky Law

The nature of the law's rescissory remedy also supports the conclusion that there is no loss causation defense under Virginia's Blue Sky law. The Blue Sky statute does not award damages for all losses suffered as a result of a defendant's misrepresentation or omission in

selling a security.  Instead, it allows plaintiffs, upon tender of the security back to the defendant, "to recover the consideration paid for such security . . . less the amount of any income received on the security."  Va. Code Ann. § 13.1-522(A)(ii).  This remedy is commonly recognized as a form of rescission.  *See Merrill Lynch & Co.*, 903 F. Supp. 2d at 280; *see also* 1 Dan B. Dobbs, *Law of Remedies: Damages-Equity-Restitution* § 4.3(6) (2d ed. 1993) ("A rescission is an avoidance of a transaction," which "will normally be accompanied by restitution on both sides").  The loss causation defense asserted by defendants is inconsistent with this remedy.

As a leading treatise on Blue Sky law recognizes, "loss causation never was part of common law rescission."  12A Joseph C. Long, *Blue Sky Law* § 9:117.39 (2013).  Rescission "permits a defrauded purchaser to place upon the defendant the burden of any decline in the value of the stock between the date of purchase and the date of disclosure of the fraud even though only a portion of that decline may have been proximately caused by the defendant's wrong."  *Green v. Occidental Petroleum Corp.*, 541 F.2d 1335, 1342 (9th Cir. 1976) (per curiam); *see also Randall v. Loftsgaarden*, 478 U.S. 647, 659 (1986) (rescission "shift[s] the risk of an intervening decline in the value of the security to defendants, whether or not that decline was actually caused by the fraud"); 2 Dobbs, *Law of Remedies* § 9.3(2) ("A number of cases have permitted the plaintiff to rescind for a misrepresentation, and thus to avoid all losses associated with the transactions, including those losses not resulting from the misrepresentation.").

Thus, the rescission remedy expressly incorporated into Virginia's Blue Sky law is inconsistent with a loss causation defense reducing a plaintiff's recovery for losses not caused by the defendants' misrepresentations or omissions.

### C.     Case Law Rejects A "Loss Causation" Requirement Or Defense

The conclusion that the Blue Sky statute does not incorporate an implied "loss causation" defense is squarely supported by case law.  In *Premier Capital Mgmt., LLC v. Cohen*, No. 02-C-5368, 2008 WL 4378300 (N.D. Ill. Mar. 24, 2008), investors in a Virginia computer company sued the company, its officers and directors, and others under the '33 Act and Virginia's Blue Sky law, alleging, among other things, that the defendants concealed the company's deteriorating financial condition when they sold stock in the company.  *Id.* at *1-3.  In moving for summary judgment on the Blue Sky claim, the defendants argued that the plaintiffs could not establish loss causation.  *Id*. at *18.  The court held this argument was "easily dispensed with because loss causation is not an affirmative defense to claims under the [Virginia Securities Act]."  *Id*.

In support of this conclusion, the court in *Premier Capital* cited a leading treatise on Blue Sky law, which notes that the Uniform Securities Act, on which Virginia's Blue Sky law is modeled, does not require loss causation.  *Id*. (citing 12 Joseph C. Long, *Blue Sky Law* § 9:117.41 (2007)); *see also* 12A Long, *Blue Sky Law* § 9:117.41 ("Uniform Securities Act § 410(a)(2) does not require loss causation") (quoting heading to § 9:117.41).  The court also relied on *Dunn v. Borta*, 369 F.3d 421 (4th Cir. 2004).

In *Dunn*, the Fourth Circuit considered whether Virginia's Blue Sky law requires plaintiffs to prove reliance or causation.  *Id.* at 432.  The Court of Appeals held that neither is required, reasoning that the law's plain language "does not include the elements of reliance and causation." *Id*.  The Fourth Circuit further refused to judicially imply those elements into the statute because, under Virginia law, courts are "not permitted to add words to a statute or to accomplish the same result by judicial interpretation," *id*. at 433 (quoting *Schmidt v. Goddin*, 297 S.E.2d at 704) (internal quotation marks omitted).  The court further reasoned that, because

Virginia's Blue Sky law is intended to protect investors from fraudulent sales of securities, "[i]t is therefore proper to construe a statutory ambiguity, if any exists, in favor of the investor." *Id.*

Other courts have likewise refused to import a loss causation requirement or defense into Blue Sky laws modeled after the Uniform Securities Act. For example, in *Duperier v. Texas State Bank*, 28 S.W.3d 740 (Tex. App. 2000), the Texas Court of Appeals interpreted a materially similar Blue Sky statute and held that "[l]oss causation is not an element of or a defense to a claim brought under this particular provision of the Act." *Id.* at 753. Similarly, the Supreme Judicial Court of Massachusetts has held that, under the Uniform Securities Act, "[t]he misrepresentation or omission need only be material; it need not be the cause of any loss." *Marram v. Kobrick Offshore Fund, Ltd.*, 809 N.E.2d 1017, 1030 n.24 (Mass. 2004). Courts construing other Blue Sky laws have reached similar conclusions.[4]

### D.   The History Of The Virginia Blue Sky Law Further Confirms That The Law Does Not Include A "Loss Causation" Defense

The history of the Virginia Blue Sky law also supports the conclusion that there is no loss causation defense under the statute. The Virginia Blue Sky law and, in particular, its rescissory remedy, was modeled upon the Uniform Securities Act, *see Dunn*, 369 F.3d at 425 n.5, which in turn was modeled upon Section 12 of the '33 Act as originally enacted, *see id.* at 428 n.17; *accord Gustafson v. Alloyd Co.*, 513 U.S. 561, 603 (1995). In 1995, as part of the PSLRA,

---

[4]   *See, e.g*, *In re Merrill Lynch Auction Rate Sec. Litig*., 758 F. Supp. 2d 264, 281 (S.D.N.Y. 2010) ("[L]oss causation is a specialized federal securities law concept. Therefore, the Court's loss causation analysis is not applicable in wholesale to these state-law claims.") (citation omitted) (Louisiana); *Ritch v. Robinson-Humphrey Co.*, 748 So. 2d 861, 862 (Ala. 1999) (Alabama); *Lucas v. Downtown Greenville Investors Ltd. P'ship*, 671 N.E.2d 389, 400 (Ill. App. Ct. 1996) (interpreting the Illinois Securities Act, the court held that, "[l]acking any express statutory language or other authority which requires that the plaintiffs prove 'loss causation,' we decline to impose such a requirement"); *Bradley v. Hullander*, 249 S.E.2d 486, 494 (S.C. 1978) (South Carolina); *Lolkus v. Vander Wilt*, 141 N.W.2d 600, 603 (Iowa 1966) (Iowa). *But cf. Grand v. Nacchio*, 147 P.3d 763, 780 (Ariz. Ct. App. 2006) (finding loss causation requirement based upon express statutory loss causation affirmative defense provision under Arizona's Blue Sky law).

Congress amended Section 12 to add a "loss causation" defense.  *See* Pub. L. No. 104-67, § 105

(1995), 15 U.S.C. § 77*l*(b).  By contrast, Virginia's Blue Sky law was *not* similarly amended.

Prior to the 1995 amendments of the '33 Act, it was widely recognized that Section 12

did not include a loss causation defense.  Shortly after Section 12 was enacted in 1933, Justice

Frankfurter, one of the '33 Act's drafters, observed that Section 12's rescissory remedy did not

permit any inquiry into loss causation:  "When circumstances permit suit, the investor, on tender

of the security, may recover the consideration he paid . . . . Since the remedy is in the nature of a

rescission, it avoids the inquiry, practically impossible, as to the extent of the damages due to the

misrepresentation and the extent due to other causes."  Felix Frankfurter, *The Federal Securities*

*Act: II*, Fortune, Aug. 1933, at 53, 108.[5]  Contemporary commentators similarly recognize that

there was no loss causation requirement or defense under Section 12 as originally enacted.  *See,*

*e.g.*, 12A Long, *Blue Sky Law* § 9:117.39 ("[T]he original Section 12 of the Securities Act of

1933 . . . shows no explicit loss causation requirement" and has not been held "to *imply* a loss

causation requirement.") (footnote omitted).  *See also* 2 Harold S. Bloomenthal & Samuel Wolff,

*Securities Law Handbook* § 26:14 (2013) ("Prior to the adoption of the PSLRA, the plaintiff in a

Section 12(a)(2) action was not subject to Section 11(e) defense . . . .").

As the Supreme Court has noted, Section 12 did not incorporate any loss causation

requirement or defense before the 1995 amendments.  In *Randall v. Loftsgaarden*, 478 U.S. 647

(1986), the Supreme Court stated that, in enacting Section 12, "Congress shifted the risk of an

intervening decline in the value of the security to defendants, whether or not that decline was

actually caused by the fraud."  *Id.* at 659.  While "restoration of the plaintiff to his position prior

to the fraud is *one* goal that will generally be served by § 12(2)," the Court observed, "the 1933

Act is intended to do more than ensure that defrauded investors will be compensated."  *Id.*  It is

---

[5]  A copy of *The Federal Securities Act: II* is attached as Exhibit A.

intended to prevent "exploitation of the public by the sale of unsound, fraudulent, and worthless securities through misrepresentation," *id.* (quoting S. Rep. No. 73-47, at 1 (1933)) (internal quotation marks omitted), and therefore it may be inferred that "Congress chose a rescissory remedy when it enacted § 12(2) in order to deter prospectus fraud and encourage full disclosure as well as to make investors whole," *id.*

In 1997, two years after Congress enacted the PSLRA and added a loss causation defense to Section 12, the Virginia Legislature amended and reenacted its Blue Sky law.  *See* 1997 Va. Acts ch. 279 (codified at Va. Code Ann. § 13.1-522).  Although this law reenacted the Blue Sky law's civil liabilities provision, it did *not* include any loss causation defense of any kind, but instead remained essentially the same as the original Uniform Securities Act and as Section 12 before the 1995 amendment adding the loss causation defense.  *See id.* (codified at Va. Code Ann. § 13.1-522(A)).

As legislatures are presumed to know the law in the areas in which they enact legislation, *see, e.g.*, *Weathers v. Commonwealth*, 553 S.E.2d 729, 730 (Va. 2001); *see generally* 3A Norman Singer & J.D. Shambie Singer, *Sutherland Statutes and Statutory Construction* § 71:3 (7th ed. 2012), it must be inferred that the Virginia Legislature did not intend to modify the existing rule, reflected in the plain language of the statute, that there is no loss causation defense under Virginia law.  Indeed, when the Uniform Securities Act was amended in 2002, the National Conference of Commissioners on Uniform State Laws likewise did not include a provision paralleling the 1995 amendment to Section 12.  *See Dunn,* 369 F.3d at 432 (relying on official comments on the Uniform Security Act in construing Virginia's Blue Sky law).  *See also* Uniform Securities Act of 2002 § 509(b)(3), Official Comments 4 ("neither causation nor reliance has been held to be an element of a private cause of action under the precursor to

Section 509(b)").[6]  "This omission . . . was *intentional*, *not an oversight*," 12A Long, *Blue Sky Law* § 9:117.39 (emphasis added)—an observation that applies equally to the omission of any loss causation provision in Virginia's Blue Sky law.

## II.  DEFENDANTS' "LOSS CAUSATION" DEFENSE ALSO FAILS AS A MATTER OF LAW UNDER THE DISTRICT OF COLUMBIA'S BLUE SKY LAW

D.C.'s Blue Sky law also rejects any loss causation defense.  *First*, the pertinent language of D.C.'s Blue Sky law is essentially the same as that of Virginia's Blue Sky law.  Like the Virginia statute, the D.C. statute imposes liability on any person who sells a security "by means of an untrue statement of a material fact or an omission to state a material fact."  D.C. Code § 31-5606.05(a)(1)(B);[7] *see also* Va. Code Ann. § 13.1-522(A) (imposing liability on any person who "sells a security by means of an untrue statement of a material fact or any omission to state a

---

[6]  A copy of § 509 of the Uniform Securities Act of 2002 is attached as Exhibit B.

[7]  The D.C. statute provides in pertinent part:

(a)(1)  A person shall be civilly liable to another person who buys a security if the person:

* * *

(B)  Offers or sells a security by means of an untrue statement of a material fact or an omission to state a material fact necessary in order to make the statement made, in the light of the circumstances under which made, not misleading, the buyer does not know of the untruth or omission and the offeror or seller does not sustain the burden of proof that the offeror or seller did not know, and in the exercise of reasonable care could not have known, of the untruth or omission.

* * *

(b)(1) In an action brought under subsection (a)(1) of this section, a buyer may sue at law or in equity:

(A) To recover the consideration paid for the security, interest at the rate used in the Superior Court of the District of Columbia from the date of payment, costs, and reasonable attorneys' fees, less the amount of any income received on the security, upon the tender of the security and any income received on it; or

(B) For damages if the buyer no longer owns the security.  The amount of damages shall be the amount that would be recoverable on a tender less the value of the security when the buyer disposed of it, plus interest at the rate used in the Superior Court of the District of Columbia from the date of disposition.

D.C. Code § 31-5606.05.

material fact"). The D.C. statute likewise provides an affirmative defense only for sellers that "did not know, and in the exercise of reasonable care could not have known, of the untruth of omission." D.C. Code § 31-5606.05(a)(1)(B); *see also* Va. Code Ann. § 13.1-522(A) (providing affirmative defense to sellers that "did not know, and in the exercise of reasonable care could not have known, of such untruth or omission"). And, most importantly, D.C.'s Blue Sky law provides for a rescissory remedy permitting purchasers, upon tender of the security and any income from it, "[t]o recover the consideration paid for the security, interest . . ., costs, and reasonable attorneys' fees, less the amount of any income received on the security." D.C. Code § 31-5606.05(b)(1); *see also* Va. Code § 13.1-522(A) (permitting the purchaser, upon tender of the security, "to recover the consideration paid for such security, together with interest thereon . . ., costs, and reasonable attorneys' fees, less the amount of any income received on the security"). As explained above, this language, like the nature of the rescissory remedy that it incorporates, is incompatible with a loss causation defense. *See supra* Sections I(A), (B).

*Second*, like Virginia's Blue Sky law, D.C.'s law is "derived from the Uniform Securities Act." *Forrestal Vill., Inc. v. Graham*, 551 F.2d 411, 414 & n.4 (D.C. Cir. 1977) (per curiam). As noted above (*supra* p. 9), the Uniform Securities Act, in turn, is based on the pre-1995 amendment language of Section 12 of the '33 Act, *see Gustafson*, 513 U.S. at 602-03, and, like Virginia's Blue Sky law, D.C.'s Blue Sky law has not materially departed from the wording of the Uniform Securities Act. Moreover, when D.C. reenacted its securities laws in 2000, five years after the 1995 amendments to Section 12, it did not include any loss causation provision in the District's Securities Act. *See* D.C. Law 13-203, § 605(b)(1) (2000) (codified at D.C. Code §

31-5606.05(b)(1)(A)).[8]  Thus, the history of D.C.'s Blue Sky law, like that of Virginia's law,

demonstrates that the D.C. law is not intended to include a loss causation requirement or defense.

Third, this conclusion is supported by the cases construing Blue Sky laws in Virginia and

other jurisdictions that are similarly based upon the Uniform Securities Act and similarly worded

to the D.C. statute.  See supra p. 8 n.4.

## CONCLUSION

For the reasons set forth above, FHFA's motion for partial summary judgment should be

granted, and defendants' loss causation defense should be barred as a matter of law.

---

[8]  A copy of § 605 of D.C. Law 13-203 (2000) is attached as Exhibit C.

Respectfully submitted,


DATED:    New York, New York
                September 27, 2013

/s/ Philippe Z. Selendy
Philippe Z. Selendy
(philippeselendy@quinnemanuel.com)
QUINN EMANUEL URQUHART &
  SULLIVAN, LLP
51 Madison Avenue, 22nd Floor
New York, New York 10010
(212) 849-7000

*Attorney for Plaintiff Federal Housing
Finance Agency in FHFA v. JP Morgan Chase
& Co., FHFA v. Deutsche Bank AG, and
FHFA v. Goldman, Sachs & Co.*


/s/ Christine H. Chung
Christine H. Chung
(christinechung@quinnemanuel.com)
QUINN EMANUEL URQUHART &
  SULLIVAN, LLP
51 Madison Avenue, 22nd Floor
New York, New York 10010

*Attorney for Plaintiff Federal Housing
Finance Agency in FHFA v. First Horizon
National Corp., FHFA v Bank of America
Corp., and FHFA v Credit Suisse Holdings
(USA), Inc.*

/s/ Richard A. Schirtzer
Richard A. Schirtzer
(richardschirtzer@quinnemanuel.com)
Adam Abensohn
(adamabensohn@quinnemanuel.com)
QUINN EMANUEL URQUHART &
  SULLIVAN, LLP
51 Madison Avenue, 22nd Floor
New York, New York 10010

*Attorney for Plaintiff Federal Housing
Finance Agency in FHFA v. HSBC North
America Holdings, Inc., and FHFA v. Nomura
Holding America, Inc.*


/s/ Manisha M. Sheth
Manisha M. Sheth
(manishasheth@quinnemanuel.com)
QUINN EMANUEL URQUHART &
  SULLIVAN, LLP
51 Madison Avenue, 22nd Floor
New York, New York 10010

*Attorney for Plaintiff Federal Housing
Finance Agency in FHFA v. JP Morgan Chase
& Co., FHFA v. Barclays Bank PLC, and
FHFA v. Merrill Lynch & Co., Inc.*

/s/ Kanchana Wangkeo Leung
Kanchana W. Leung
(kleung@kasowitz.com)
KASOWITZ, BENSON, TORRES &
FRIEDMAN LLP
Christopher P. Johnson
Michael A. Hanin
Kanchana Wangkeo Leung
1633 Broadway
New York, New York  10019
(212) 506-1805

*Attorney for Plaintiff Federal Housing
Finance Agency in FHFA v. Ally Financial
Inc., FHFA v Morgan Stanley, and FHFA v
SG Americas, Inc.*

14