USDC SDNY
DOCUMENT
ELECTRONICALLY
DOC #:
DATE: 10-3-2013

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------- X
:
:
FEDERAL HOUSING FINANCE AGENCY,         :
                                        :
            Plaintiff,                  :
                                        :
    -v-                                 :
                                        :
                                        :
                                        :
JPMORGAN CHASE & CO., et al.,           :
                                        :
            Defendants;                 :
                                        :
And other FHFA cases.                   :
                                        :
-------------------------------------- X

11 Civ. 6188 (DLC)
11 Civ. 6189 (DLC)
11 Civ. 6190 (DLC)
11 Civ. 6192 (DLC)
11 Civ. 6193 (DLC)
11 Civ. 6195 (DLC)
11 Civ. 6198 (DLC)
11 Civ. 6200 (DLC)
11 Civ. 6201 (DLC)
11 Civ. 6202 (DLC)
11 Civ. 6203 (DLC)
11 Civ. 6739 (DLC)
11 Civ. 7010 (DLC)

ORDER

DENISE COTE, District Judge:

In a letter of October 2, 2013, defendants seek clarification of the Court's September 23, 2013 Order ("September Order") regarding depositions. This Order responds to the defendants' request for such "clarification."

As the September Order explained, the defendants had scheduled 15 of their 20 allotted two-day depositions in the FHFA actions. They requested the opportunity both to take 20 more "consensus" depositions and "to use their remaining ten deposition days," which were available for 5 yet-to-be scheduled deponents, to depose individuals for either one or two days, at the defendants' option. The September Order permitted the defendants to take up to twenty-five "consensus" depositions so

long as the total number of deposition days does not exceed 40. It also permitted First Horizon to identify a twenty-sixth deponent for a one-day deposition, bringing the total number of deposition days to 41.

As both the correspondence that prompted the September Order and the September Order itself indicate, it was understood at the time the September Order was issued that the defendants would use 30 deposition days to depose the 15 already-scheduled FHFA deponents. Through the September Order the defendants were permitted to identify up to 10 not-yet-scheduled deponents, or five more deponents than the 20 originally allotted. As far as the newly-identified deponents were concerned, however, their depositions could fill no more than ten deposition days.

Finally, the defendants did not request, and the September Order did not give them permission, to reduce the depositions of any of the 15 scheduled deponents from two days to one. The only flexibility that they sought, and were given, was in connection with the ten deposition days for the 5 yet-to-be scheduled deponents.

Dated:    New York, New York
          October 3, 2013

                              _____
                                        DENISE COTE
                              United States District Judge