```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------X
                                         :   11 Civ. 6188 (DLC)
                                         :   11 Civ. 6189 (DLC)
FEDERAL HOUSING FINANCE AGENCY,          :   11 Civ. 6190 (DLC)
                                         :   11 Civ. 6192 (DLC)
                    Plaintiff,           :   11 Civ. 6193 (DLC)
                                         :   11 Civ. 6195 (DLC)
        -v-                              :   11 Civ. 6198 (DLC)
                                         :   11 Civ. 6200 (DLC)
                                         :   11 Civ. 6201 (DLC)
JPMORGAN CHASE & CO., et al.,            :   11 Civ. 6202 (DLC)
                                         :   11 Civ. 6203 (DLC)
                    Defendants;          :   11 Civ. 6739 (DLC)
                                         :   11 Civ. 7010 (DLC)
And other FHFA cases.                    :
                                         :        ORDER
----------------------------------------X
```

DENISE COTE, District Judge:

In a letter of October 3, 2013, defendants seek to reduce the length of the depositions of David Gussmann and Stacey Kenneweg from two days to one day each. Through a series of Orders, the defendants have been permitted to take 26 depositions over 41 days. They had previously given notice of their intent to take the depositions of 15 witnesses, including Gussmann and Kenneweg, over thirty days.

This request is a repackaging of the request made by defendants on October 2, when they sought "clarification" of an Order of September 23, arguing that it could be construed to allow this alteration in their plans. It could not.



Abandoning their argument that the September 23 Order allowed this alteration in scheduling, the defendants now ask directly that they be allowed this additional flexibility. The defendants contend that this adjustment would help to address the "continued shortage of deposition time and deposition witnesses afforded to Defendants in multi-billion dollar litigation." The defendants have not shown, however, that they have been prejudiced by the 20 deposition limit, much less by the 26 deposition limit. Each of these cases is essentially a document case. The defendants have limited defenses available to them on the Securities Act claims. All defendants, including particularly those defendants facing fraud claims, have the additional protections afforded by the provision for eve-of-trial depositions for any trial witness not previously deposed. For these and the many other reasons described in the Court's prior Opinions and by the Court at conferences with the parties, the defendants have been given more than ample discovery and have not shown any prejudice from the limits the Court has imposed in an effort to effectuate the mandates of Rules 1 and 26 of the Federal Rules of Civil Procedure.

FHFA opposed the defendants' October 3 request in a letter of October 4. While FHFA opposes the request, it does not

explain how it will be prejudiced by this readjustment of the schedule.  Accordingly, it is hereby

ORDERED that the defendants' October 3 application to depose Gussmann and Kenneweg for one day apiece without losing the opportunity to use a total of 41 deposition days for up to 26 deponents is granted.

Dated:   New York, New York
         October 4, 2013

                                    _____
                                              DENISE COTE
                                       United States District Judge