LAW OFFICES

# WILLIAMS & CONNOLLY LLP

725 TWELFTH STREET, N.W.

WASHINGTON, D. C. 20005-5901

(202) 434-5000

FAX (202) 434-5029

EDWARD BENNETT
(202) 434-5083
ebennett@wc.com

EDWARD BENNETT WILLIAMS (1920-1988)
PAUL R. CONNOLLY (1922-1978)

**VIA ELECTRONIC MAIL**

February 10, 2014

The Honorable Denise L. Cote
U.S. District Judge
Daniel Patrick Moynihan U.S. Courthouse
500 Pearl Street, Room 1610
New York, NY 10007

2/13/2014

**MEMO ENDORSED**

Re:   FHFA RMBS Actions

Dear Judge Cote:

On July 2, 2013, the Court ordered that "Williams & Connolly and any co-counsel for defendants represented by Williams & Connolly shall cease interviewing any current or former GSE employee identified in FHFA's initial disclosures" and file with the Court a list "of all such individuals it ha[d] already interviewed." Williams & Connolly complied with the Court's Order. *See* Ex. A. (Jul. 8, 2013 letter to the Court from E. Bennett). On August 9, 2013, the Court ordered Williams & Connolly to provide the list of interviewees to counsel for FHFA; we complied on August 13, 2013. *See* Ex. B (Aug. 13, 2013 email to J. Corey from E. Bennett). Neither the Court nor FHFA took further action on the issue. On January 13, 2014, defendants asked the Court to lift the July 2, 2013 Order and permit defendants and their counsel to interview former GSE, FHFA, and OFHEO employees who are willing to be interviewed and (1) who are not represented by counsel in these matters or (2) whose counsel consents for them to be interviewed. Later that day, the Court instructed the parties to meet and confer on the issue.

The parties have met and conferred and have reached a partial agreement. Specifically, the parties agree that counsel may contact a former employee of a party who is represented by counsel if the former employee's counsel consents. The parties have also agreed to provide each other an updated list of the persons they represent for purposes of these Actions. The parties remain at impasse, however, regarding whether counsel may contact former employees of a party who are not represented by any counsel for purposes of these Actions; FHFA opposes such contacts.

There is no valid reason for counsel not to be able to interview individuals who are not represented by counsel and who consent to be interviewed. While the Order was originally

The Honorable Denise L. Cote
February 10, 2014
Page 2

issued during fact discovery and prevented defendants from obtaining informal discovery from these individuals, *cf., Rivera v. Lutheran Med. Ctr.*, 866 N.Y.S.2d 520, 525 (Sup. Ct., Kings Cnty. 2008) (noting "the importance of informal discovery practices in litigation—in particular, private interviews of fact witnesses that have the potential to streamline discovery and foster the prompt resolution of claims"), *aff'd in part*, 899 N.Y.S.2d 859 (App. Div. 2010), it is now impeding defendants' ability to prepare for the June 2, 2014 trial in the *Merrill Lynch* matter. Having access to potential witnesses who consent to be interviewed is vital to trial preparation, including, for example, so that we may determine who might be appropriate witnesses and to prepare such individuals to testify. Because the parties have agreed to provide each other an updated list of the persons they represent, there will be no ambiguity about which persons are represented. Defendants respectfully request that the July 2, 2013 Order be lifted and that defendants and their counsel be permitted to interview former GSE, FHFA, and OFHEO employees who are willing to be interviewed and who are not represented by counsel in these matters.

Respectfully submitted,

/s/

Edward J. Bennett

cc:     Counsel of Record

*Any response from FHFA is due 2/14/14.*

*Denise Cote*
*2/13/14*