# SULLIVAN & CROMWELL LLP

TELEPHONE: 1-212-558-4000
FACSIMILE: 1-212-558-3588
WWW.SULLCROM.COM

125 Broad Street
New York, NY 10004-2498

By E-Mail and ECF

May 12, 2014

Hon. Denise L. Cote,
  United States District Judge,
    Daniel Patrick Moynihan United States Courthouse,
      500 Pearl Street, Room 1610,
        New York, New York 10007-1312.

**MEMO ENDORSED**

Re: *Federal Housing Finance Agency* v. *Ally Financial, Inc. et al.*,
No. 11-cv-7010 (DLC) (S.D.N.Y.)

Dear Judge Cote:

On behalf of Defendant Goldman, Sachs & Co. ("Goldman Sachs") in the above-captioned action (the "*Ally* Action"), I write to advise the Court of Goldman Sachs' intent to move pursuant to Federal Rule of Civil Procedure 42 for a separate, later trial of FHFA's claims against Goldman Sachs in the *Ally* Action, because Goldman Sachs is now scheduled to commence trial in both the *Ally* action and *FHFA* v. *Goldman, Sachs & Co.*, No. 11-cv-6198 (DLC) (the "*Goldman Sachs* Action"), on the same day—September 29, 2014.

In the *Goldman Sachs* action, FHFA has asserted claims against Goldman Sachs and affiliated entities and individuals concerning 42 certificates with original principal balances totaling approximately $11.1 billion. In the *Ally* action, FHFA has asserted claims against Goldman Sachs concerning a single certificate, RALI 2007-QH5 AII ($143 million face value), from one offering in which Goldman Sachs served only as an underwriter. Pursuant to the Court's pretrial scheduling order of June 14, 2012, the *Ally* Action was placed in Tranche 4 and originally scheduled for trial in January of 2015. *See* ECF No. 116 at 4. On April 11, 2014, the Court entered an Order (ECF No. 843) that accelerates the trial date of the *Ally* Action to September 29, 2014—the same trial date as the *Goldman Sachs* Action.

This Court previously has expressed concern that concurrent trials in which parties would be represented by a single law firm would impose a significant and unnecessary burden on those parties. In scheduling the trials in the coordinated FHFA actions pending in this Court, Your Honor considered a variety of factors relating to the efficient use of parties' resources, judicial economy, and the burden on parties and their counsel, and stated that the Court was "conscious of the fact that the plaintiff is in most of these cases represented by a single law firm, and that the defense counsel, law firms representing defendants do not want to be in two cases that are being tried concurrently." (June 13, 2012 Hr'g Tr. at 22.) In crafting Tranche 3, the Court specifically noted that each of the included cases came "with separate defense counsel" (*id.*), and under the Court's original schedule, the trial in the *Ally* Action in Tranche 4 would have commenced several months after the trial in the *Goldman Sachs* Action in Tranche 3. (*See* June 14, 2012 Pretrial Scheduling Order, ECF No. 116 at 4.) The same considerations warrant moving the trial date for FHFA's claims pertaining to RALI 2007-QH5.

Goldman Sachs' motion will address in detail the factors related to severance of claims, which are also considered in the context of a motion for a separate trial under Rule 42. *See, e.g., Erausquin* v. *Notz, Stucki Mgmt. (Bermuda) Ltd.*, 806 F. Supp. 2d 712, 720 (S.D.N.Y.

**Goldman Sachs' Request for Separate Trial in Ally Case**

Hon. Denise L. Cote

2011) (listing factors considered for Rule 21 severance, including "(1) whether the claims arise out of the same transaction or occurrence; (2) whether the claims present some common questions of law or fact; (3) whether settlement of the claims or judicial economy would be facilitated; (4) whether prejudice would be avoided if severance were granted; and (5) whether different witnesses and documentary proof are required for the separate claims"); *Morris* v. *Northrop Grumman Corp.*, 37 F. Supp. 2d 556, 580 (E.D.N.Y. 1999) (considering the same factors on a motion for separate trial under Fed. R. Civ. P. 42).

Goldman Sachs has conferred with counsel for FHFA, which does not consent to Goldman Sachs' request to move the trial date for the RALI 2007-QH5 AII certificate. The other remaining defendant in the *Ally* Action, Royal Bank of Scotland, consents to moving the trial concerning RALI 2007-QH5. Goldman Sachs would be happy to answer any questions the Court may have at a pre-motion conference.

Respectfully Submitted,

*[signature]*

Richard H. Klapper

cc: Counsel of Record

*[Handwritten note:]* The parties scheduled for trial this Fall should be prepared to file their Pretrial Orders on 9/2/14 and to begin trial on 9/29/14. To the extent a party wishes to move to consolidate trials or to sever trials, such motions should be preceded by a meet and confer process, and may be filed by 7/18/14, with opposition due 7/25/14, and reply due 7/29/14.

Denise Cote
May 12, 2014