UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

FEDERAL HOUSING FINANCE AGENCY, AS
CONSERVATOR FOR THE FEDERAL HOME
LOAN MORTGAGE CORPORATION,

                Plaintiff,

- against -

ALLY FINANCIAL INC., *et al.*,

                Defendants.

11 Civ. 7010 (DLC)

---

## MEMORANDUM OF LAW IN SUPPORT OF
## PLAINTIFF'S MOTION FOR AN ORDER OF
## <u>VOLUNTARY DISMISSAL WITH PREJUDICE AND BAR ORDER</u>

 

KASOWITZ, BENSON, TORRES
 & FRIEDMAN LLP

1633 Broadway
New York, New York  10019
(212) 506-1700

*Attorneys for Plaintiff Federal Housing
Finance Agency, as Conservator for the
Federal Home Loan Mortgage Corporation*

## TABLE OF CONTENTS

|  | Page |
|---|---|
| PRELIMINARY STATEMENT | 1 |
| ARGUMENT | 3 |
| I. THE MOTION TO VOLUNTARILY DISMISS AND/OR DROP CLAIMS AGAINST RBSSI IN THE *ALLY* ACTION WITH PREJUDICE SHOULD BE GRANTED | 3 |
| II. THE PROPOSED BAR ORDER IS CONSISTENT WITH SECOND CIRCUIT LAW AND SHOULD BE ENTERED | 4 |
| A. The Proposed Bar Order Both Serves the Public Interest and Protects the Rights of Non-Settling Parties | 4 |
| B. The Settlement Agreement's Confidentiality Provisions Protect the Rights of All Parties in the *Ally* Action | 8 |
| CONCLUSION | 11 |

# TABLE OF AUTHORITIES

Page(s)

**Cases**

*Black Radio Network, Inc. v. NYNEX Corp.*,
  44 F. Supp. 2d 565 (S.D.N.Y. 1999) ..................................................................................3

*City of Hartford v. Chase*,
  942 F.2d 130 (2d Cir. 1991) ............................................................................................10

*Denney v. Deutsche Bank AG*,
  443 F.3d 253 (2d Cir. 2006) ..............................................................................................5

*Eichenholtz v. Brennan*,
  52 F.3d 478 (3d Cir. 1995) ................................................................................................5

*FTC v. Actavis, Inc.*,
  133 S. Ct. 2223 (2013) .......................................................................................................4

*Gambale v. Deutsche Bank AG*,
  377 F.3d 133 (2d Cir. 2004) ..............................................................................................9

*Gerber v. MTC Elec. Techs. Co.*,
  329 F.3d 297 (2d Cir. 2003) ......................................................................................passim

*Harvey Aluminum, Inc. v. American Cyanamid Co.*,
  203 F.2d 105 (2d Cir. 1953) ..............................................................................................3

*ISC Holding AG v. Nobel Biocare Fin. AG*,
  688 F.3d 98 (2d Cir. 2012) ................................................................................................3

*King Cnty. v. IKB Deutsche Industriebank AG*,
  2012 WL 3553775 (S.D.N.Y. Aug. 17, 2012) .................................................................10

*King Cnty. v. IKB Deutsche Industriebank AG*,
  No. 09 Civ. 8387, 2012 WL 3114930 (S.D.N.Y. Aug. 1, 2012) ........................................5

*In re Ivan F. Boesky Sec. Litig.*, 948 F.2d 1358, 1369 (2d Cir. 1991) ........................................4

*In re Tamoxifen Citrate Antitrust Litig.*,
  466 F.3d 187 (2d Cir. 2006) ..............................................................................................4

*United States v. Glens Falls Newspapers, Inc.*,
  160 F.3d 853 (2d Cir. 1998) ........................................................................................4, 10

*In re U.S. Oil & Gas Litig.*,
   967 F.2d 489 (11th Cir. 1992) ............................................................................................... 5

*In re WorldCom, Inc. ERISA Litig.*,
   339 F. Supp. 2d 561 (S.D.N.Y. 2004) (Cote, J.) ................................................................ 4, 7

*In re WorldCom, Inc. Sec. Litig.*,
   No. 02 Civ. 3288, 2004 WL 2591402 (S.D.N.Y. Nov. 12, 2004) (Cote, J.) ............................. 5

*In re WorldCom, Inc. Sec. Litig.*,
   No. 02 Civ. 3288, 2005 WL 2010153 (S.D.N.Y. Aug. 23, 2005) (Cote, J.) ............................. 7

*In re WorldCom, Inc. Sec. Litig.*,
   No. 02 Civ. 3288, 2005 WL 3369215 (S.D.N.Y. Dec. 12, 2005) ............................................ 8

*In re WorldCom, Inc. Sec. Litig.*,
   No. 02 Civ. 3288, 2005 WL 591189 (S.D.N.Y. Mar. 14, 2005) ...................................... 4, 6, 8

*In re WorldCom, Inc. Sec. Litig.*,
   No. 02 Civ. 3288, 2005 WL 613107 (S.D.N.Y. Mar. 15, 2005) (Cote, J.) ....................... 1, 2, 6

*In re WorldCom, Inc. Sec. Litig.*,
   No. 02 Civ. 3288, 2006 WL 240282 (S.D.N.Y. Jan. 31, 2006) .............................................. 8

*In re WorldCom, Inc. Sec. Litig.*,
   No. 02 Civ. 3288, 2006 WL 470575 (S.D.N.Y. Feb. 16, 2006) (Cote, J.) ........................... 6, 8

**Rules/Statutes**

Federal Rules of Civil Procedure 21 ........................................................................................ 1, 3

Rule 41(a) ..................................................................................................................................... 3

Rule 41(a)(2) ............................................................................................................................ 1, 3

**Other**

7 Charles Alan Wright, *et al.*, *Federal Practice & Procedure* § 1688 (2d ed. 1986) ................... 4

Plaintiff Federal Housing Finance Agency ("FHFA"), as conservator for the Federal Home Loan Mortgage Corporation ("Freddie Mac"), respectfully submits this memorandum of law in support of its motion, pursuant to Fed. R. Civ. P. 21 and 41(a)(2), for entry of an order of voluntary dismissal with prejudice and a bar order in *Federal Housing Finance Agency v. Ally Financial Inc., et al.*, 11 Civ. 7010 (DLC) (S.D.N.Y.) (the "*Ally* Action"). Defendant RBS Securities Inc., f/k/a Greenwich Capital Markets, Inc. ("RBSSI"), consents to entry of the requested order.[1]

## PRELIMINARY STATEMENT

FHFA and RBSSI have agreed to resolve all claims brought by FHFA against RBSSI, solely with respect to the *Ally* action. RBSSI is one of two remaining defendants in the *Ally* Action. The other remaining defendant, Goldman Sachs & Co., is not a party to the settlement. A term of the settlement as it pertains to the *Ally* Action, where fewer than all defendants are settling, is that the parties shall seek the entry of appropriate orders barring claims by other defendants and other alleged tortfeasors against RBSSI for contribution or indemnity in connection with the securities in the Action. As this Court has recognized, unless RBSSI can obtain global "peace" from such claims, a settlement involving fewer than all defendants and alleged tortfeasors is not practical or economically feasible. *In re WorldCom, Inc. Sec. Litig.*, No. 02 Civ. 3288, 2005 WL 613107, at *9 (S.D.N.Y. Mar. 15, 2005) (Cote, J.).

The proposed Order of Voluntary Dismissal with Prejudice and Bar Order (the "proposed Bar Order") in relation to the *Ally* Action is appended as Exhibit A to the Declaration of Kanchana Wangkeo Leung, dated June 27, 2014 ("Leung Decl."). The proposed Bar Order would in substance (1) bar any claims against RBSSI for contribution or indemnity, or any other

---

[1] Together, FHFA and RBSSI are referenced herein as the "Settling Parties."

claims to recover all or part of any judgment or settlement against a non-settling defendant, arising out of the claims in the *Ally* Action, (2) bar RBSSI from asserting claims against any non-settling defendant or other alleged tortfeasors for contribution or indemnity for all or part of RBSSI's settlement payment in the *Ally* Action, and (3) provide a judgment credit for any non-settling defendant or other alleged tortfeasor to account for RBSSI's settlement in the *Ally* Action.

The proposed Bar Order complies with governing Second Circuit precedent and the opinions of this Court concerning the propriety of bar orders entered in connection with partial settlements. The proposed Bar Order's language tracks bar order language approved by this Court in connection with the settlements reached in FHFA's actions against the Barclays Capital, Merrill Lynch, Credit Suisse, JPMorgan, Ally, UBS, and Citigroup defendants, as well as in the *WorldCom* litigation. By inclusion of the bar against RBSSI from asserting claims against non-settling defendants or other alleged tortfeasors, together with the judgment credit provisions, the proposed Bar Order adequately and fairly protects the interests of the non-settling defendants in the *Ally* Action as well as any other alleged tortfeasors not named in this litigation (together, the "Non-Settling Defendants"), while providing RBSSI with protection against further exposure in this multi-defendant Action.

In addition, although the total settlement figure has been publicly disclosed, it is appropriate to maintain the confidentiality of the settlement amounts associated with the bonds at issue so as not to prejudice the Settling Parties in connection with the coordinated RMBS actions pending before this Court and in other jurisdictions (including similar RMBS-related lawsuits brought by other investor plaintiffs). To effectuate the judgment credit provisions, the proposed Bar Order provides that certain parties—namely, those Non-Settling Defendants who are sued in

-2-

connection with the same securities as RBSSI, their attorneys, and their experts (together, the "Authorized Parties")—will be advised of the amount of the settlement allocated to the bonds at issue upon the entry of a pre-trial order in the *Ally* Action and the agreement to the confidentiality provisions of the proposed Bar Order. Maintaining the allocation of the settlement amount in confidence will promote the efficient and effective resolution of the *Ally* Action as well as the other coordinated RMBS actions pending in this Court and elsewhere while providing any Non-Settling Defendant with the information it needs, upon entry of a pre-trial order, to implement the judgment credit provisions of the proposed Bar Order.

For all these reasons and those discussed below, FHFA respectfully requests that the Court dismiss with prejudice and/or drop the claims against RBSSI in the *Ally* Action and enter the proposed Bar Order substantially in the form attached as Exhibit A to the Leung Declaration.

## ARGUMENT

### I. THE MOTION TO VOLUNTARILY DISMISS AND/OR DROP CLAIMS AGAINST RBSSI IN THE *ALLY* ACTION WITH PREJUDICE SHOULD BE GRANTED

Pursuant to Fed. R. Civ. P. 41(a)(2) and/or 21, FHFA moves to voluntarily dismiss with prejudice and/or drop all claims solely as against RBSSI in the *Ally* Action.[2] This dismissal does not apply to any other defendant in the Action. Because "[t]he Court has broad discretion to permit a change in the parties at any stage in the litigation pursuant to Rule 21 of the Federal Rules of Civil Procedure," the FHFA respectfully requests that this Court grant its request to dismiss or drop RBSSI as a party to the *Ally* Action. *Black Radio Network, Inc. v. NYNEX*

---

[2] In *Harvey Aluminum, Inc. v. American Cyanamid Co.*, 203 F.2d 105, 108 (2d Cir. 1953), the Second Circuit held that Rule 41(a) could be used by a plaintiff to voluntarily dismiss only an entire "action," not a "claim," and that a party seeking to dismiss only a claim should move to drop a party under Rule 21. Although later decisions by the Second Circuit have noted "skepticism that *Harvey Aluminum* is still good law," *ISC Holding AG v. Nobel Biocare Fin. AG*, 688 F.3d 98, 116 (2d Cir. 2012) (collecting cases), out of an abundance of caution the FHFA moves under both Rules 41(a)(2) and 21.

*Corp.*, 44 F. Supp. 2d 565, 573 (S.D.N.Y. 1999) (citing 7 Charles Alan Wright, *et al.*, *Federal Practice & Procedure* § 1688 (2d ed. 1986)).

RBSSI will bear its own costs, and FHFA will bear the proportion of the costs it has incurred in the *Ally* Action solely attributable to RBSSI's presence in the *Ally* Action. This dismissal does not affect FHFA's claims for costs and fees from the Non-Settling Defendants in the *Ally* Action.

## II.  THE PROPOSED BAR ORDER IS CONSISTENT WITH SECOND CIRCUIT LAW AND SHOULD BE ENTERED

### A.  The Proposed Bar Order Both Serves the Public Interest and Protects the Rights of Non-Settling Parties

"The importance of settlement to litigation, particularly complex litigation such as this one, is indisputable." *In re WorldCom, Inc. ERISA Litig.*, 339 F. Supp. 2d 561, 567 (S.D.N.Y. 2004) (Cote, J.). As the Second Circuit has recognized, "'[w]here a case is complex and expensive, and resolution of the case will benefit the public, the public has a strong interest in settlement.'" *In re Tamoxifen Citrate Antitrust Litig.*, 466 F.3d 187, 202 (2d Cir. 2006) (quoting *United States v. Glens Falls Newspapers, Inc.*, 160 F.3d 853, 856-57 (2d Cir. 1998)), *abrogated on other grounds by FTC v. Actavis, Inc.*, 133 S. Ct. 2223 (2013).

Because "an unlimited right to seek contribution would surely diminish the incentive to settle" in complex cases involving multiple parties, settling parties often include in their settlement agreement a provision that requires the parties to seek an order "that bar[s] contribution and indemnification claims between the settling defendants and non-settling defendants." *In re WorldCom, Inc. Sec. Litig.*, No. 02 Civ. 3288, 2005 WL 591189, at *5 (S.D.N.Y. Mar. 14, 2005) (internal quotation marks and citation omitted). "Without the ability to limit the liability of settling defendants through bar orders, 'it is likely that no settlements' could be reached." *Id.* (quoting *In re Ivan F. Boesky Sec. Litig.*, 948 F.2d 1358, 1369 (2d Cir.

1991)); *see also Denney v. Deutsche Bank AG*, 443 F.3d 253, 273 (2d Cir. 2006) (explaining that without bar orders, defendants are unlikely to consent to settlement because such a "settlement would not bring ... much peace of mind" (internal quotation marks and citation omitted)). Thus, courts in this Circuit and elsewhere routinely enter bar orders to protect settling defendants from claims for contribution or indemnity by non-settling parties. *See, e.g.*, *Gerber v. MTC Elec. Techs. Co.*, 329 F.3d 297, 307 (2d Cir. 2003); *King Cnty. v. IKB Deutsche Industriebank AG*, No. 09 Civ. 8387, 2012 WL 3114930, at *4 (S.D.N.Y. Aug. 1, 2012); *In re WorldCom, Inc. Sec. Litig.*, No. 02 Civ. 3288, 2004 WL 2591402, at *15 (S.D.N.Y. Nov. 12, 2004) (Cote, J.).[3]

Here, the proposed Bar Order meets the requirements of the Second Circuit and this Court concerning the permissible scope of settlement bar orders. The proposed Bar Order tracks the language of the bar orders previously approved by this Court in connection with (1) the JPMorgan defendants' settlement of litigation brought by FHFA in the *Ally* Action and others, *see* Dkt. No. 744; *see also FHFA v. First Horizon Nat'l Corp., et al.*, 11 Civ. 6193 (S.D.N.Y. Nov. 18, 2013) (Dkt. No. 564); (2) the UBS defendants' settlement of litigation brought by FHFA in the *Ally* Action and others, *see* Dkt. No. 662; *see also FHFA v. First Horizon Nat'l Corp., et al.* (Dkt. No. 482); (3) the Citigroup defendants' settlement of litigation brought by FHFA in the *Ally* Action and others, *see* Dkt. No. 571; *see also FHFA v. JPMorgan Chase & Co., et al.*, 11 Civ. 6188 (S.D.N.Y. June 24, 2013) (Dkt. No. 511); (4) the Ally defendants' settlement of litigation brought by FHFA in the *Ally* Action, *see* Dkt. No. 727; (5) the Merrill Lynch defendants' settlement of litigation brought by FHFA, *see FHFA v. First Horizon Nat'l Corp., et al.* (Dkt. No. 658); (6) the Credit Suisse defendants' settlement of litigation brought by

---

[3] *See also, e.g., Eichenholtz v. Brennan*, 52 F.3d 478, 482 n.8, 487 (3d Cir. 1995) (approving bar order extinguishing claims for contribution and indemnification however denominated); *In re U.S. Oil & Gas Litig.*, 967 F.2d 489, 493 n.2, 496 (11th Cir. 1992) (approving bar order extinguishing all claims for contribution or indemnity against the settling defendants).

FHFA in the *Ally* Action, *see* Dkt. No. 849; (7) the Barlcays Capital defendants' settlement of litigation brought by FHFA in the *Ally* Action, *see* Dkt. No. 884; and (8) the partial settlements in the *WorldCom* litigation, *see, e.g.*, *In re WorldCom, Inc. Sec. Litig.*, No. 02 Civ. 3288, 2006 WL 470575, at *1 (S.D.N.Y. Feb. 16, 2006) (Cote, J.). The substance of the proposed Bar Order is also consistent with the language approved by the Second Circuit in *Gerber*. Moreover, as the proposed Bar Order relates only to the RALI 2005-QO4 1A1, RALI 2006-QO4 1A1, RALI 2006-QO4 1A2, RAMP 2005-RS9 AII, RAMP 2006-RS1 AII, and RASC 2005-KS11 AII securities, the impact of the proposed bars is relatively limited and narrowly drawn.

As this Court previously has ruled, orders barring claims against a settling defendant are generally permissible under *Gerber* "provided that 'the only claims that are extinguished are claims where the injury is the non-settling defendants' liability to the plaintiffs.'" *In re WorldCom, Inc. Sec. Litig.*, 2005 WL 591189, at *10 (emphasis omitted) (quoting *Gerber*, 329 F.3d at 307). The proposed Bar Order meets this requirement by providing that the Non-Settling Defendants:

> are hereby permanently BARRED, ENJOINED and RESTRAINED from commencing, prosecuting, or asserting any claim for contribution or indemnity (whether styled as a claim for contribution, indemnity or otherwise) against RBSSI, its present and former parents, subsidiaries, divisions and affiliates, the present and former partners, employees, officers and directors of each of them, the present and former attorneys, accountants, insurers (but not affecting any obligation owed to RBSSI by any insurer), and agents of each of them, and the predecessors, heirs, successors and assigns of each (collectively, the "Settling Defendant"), that seeks to recover from the Settling Defendant any part of any judgment entered against the Non-Settling Defendants and/or any settlement reached with any of the Non-Settling Defendants, in connection with any claims that are or could have been asserted against the Non-Settling Defendants in this Action or that arise out of or relate to any claims that are or could have been asserted in this Action, whether arising under state, federal, or foreign law as claims, cross-claims, counterclaims, or third-party claims, whether asserted in this Action, in any federal or state court, or in any other court, arbitration proceeding, administrative agency, or other forum in the United States or elsewhere ....

Leung Decl., Ex. A, at 2. This language is identical to the language of bar orders approved and entered by this Court in the *Ally* Action and others brought by FHFA resolving claims against the Credit Suisse, Barclays Capital, Merrill Lynch, Ally, JPMorgan, UBS, and Citigroup defendants prohibiting all claims for contribution, indemnity, or otherwise, by or against that underwriter entity. *See* Dkt. Nos. 744 at 2-3, 662 at 2-3, 571 at 2-3, 727 at 2-3; 849 at 2-3; *FHFA v. First Horizon Nat'l Corp., et al.* (Dkt. No. 658 at 2-3).

Furthermore, by defining "Non-Settling Defendants" to include alleged joint tortfeasors not currently named in the *Ally* Action, the proposed Bar Order appropriately protects RBSSI and those alleged joint tortfeasors. Under the terms of the proposed Bar Order, "Non-Settling Defendants" includes joint tortfeasors who could later become liable to FHFA or any non-settling defendant, by reason of judgment or settlement, for claims that are or could have been asserted in the *Ally* Action. Leung Decl., Ex. A, at 2. This provides RBSSI with the necessary protection against any contribution or indemnity claims by any such unnamed alleged tortfeasors, while providing these unnamed alleged tortfeasors with the dual protections of a judgment credit and a bar against RBSSI suing them for any part of its settlement with FHFA. As noted above, this Court previously has approved bar orders extending to parties that are not currently defendants in the immediate action. *See also In re WorldCom, Inc. Sec. Litig.*, No. 02 Civ. 3288, 2005 WL 2010153, at *1 (S.D.N.Y. Aug. 23, 2005) (Cote, J.).

Finally, the proposed Bar Order satisfies the condition that the Non-Settling Defendants be provided with a "provision that gives the non-settling defendants an appropriate right of set-off from any judgment imposed against them." *In re WorldCom, Inc. ERISA Litig.*, 339 F. Supp. 2d at 568. Specifically, pursuant to the formula approved in *Gerber*, 329 F.3d at 302-05, and

previously endorsed by this Court, including in the *Ally* Action, *see, e.g.*, Dkt. No. 662 at 3,[4] the proposed Bar Order provides the Non-Settling Defendants with "a judgment credit in an amount that is the greater of a) the amount of [FHFA's] settlement with RBSSI in this Action allocated to the relevant security ..., or b) for each such claim, state or federal, on which contribution or indemnity is available, the proportionate share of RBSSI's fault as proven at trial." Leung Decl., Ex. A, at 3.

As noted by this Court, the Second Circuit has "unequivocally" held that, "'[b]y awarding a credit that is at least the settling defendants' proven share of liability, the non-settling defendants' rights are protected even without a determination of the fairness of the settlement.'" *In re WorldCom, Inc. Sec. Litig.*, 2005 WL 591189, at *8 (alteration in original) (quoting *Gerber*, 329 F.3d at 303). Under the terms of the proposed Bar Order, the Non-Settling Defendants' rights will be protected to an even greater extent: they will obtain the benefit of a judgment credit measured either by RBSSI's proven share of liability *or* the amounts paid by RBSSI to resolve the claims asserted against it by FHFA in the *Ally* Action—whichever is greater. As this Court repeatedly has concluded in approving bar orders with similar language, the proposed Bar Order is presumptively fair and reasonable and in all respects conforms to governing Second Circuit law and the prior opinions of this Court.

### B. The Settlement Agreement's Confidentiality Provisions Protect the Rights of All Parties in the *Ally* Action

Certain terms of the settlement agreement, relating to the amounts of the settlement allocated to the securities at issue, are confidential. As the Second Circuit has made clear, the amounts involved in a settlement may be of particular concern to parties engaged in a

---

[4] *See also In re WorldCom, Inc. Sec. Litig.*, No. 02 Civ. 3288, 2006 WL 470575, at *2; *In re WorldCom, Inc. Sec. Litig.*, No. 02 Civ. 3288, 2006 WL 240282, at *2 (S.D.N.Y. Jan. 31, 2006); *In re WorldCom, Inc. Sec. Litig.*, No. 02 Civ. 3288, 2005 WL 591189, at *7-9; *In re WorldCom, Inc. Sec. Litig.*, No. 02 Civ. 3288, 2005 WL 3369215, at *2 (S.D.N.Y. Dec. 12, 2005).

compromise of pending litigation, and thus extending confidentiality to such amounts should be encouraged by courts to facilitate and foster settlement. *Gambale v. Deutsche Bank AG*, 377 F.3d 133, 143 (2d Cir. 2004) (explaining that there is no established presumption of access with respect to information contained in confidential settlement agreements not filed with the court and that "honoring the parties' express wish for confidentiality may facilitate settlement, which courts are bound to encourage"). This case is no different, as the confidentiality of the allocation of the settlement amount to the bonds at issue is a key part of the settlement.

The FHFA recognizes that, in connection with its request that the Court enter the proposed Bar Order, it may become necessary in the future, for purposes of the judgment credit provision, for certain Non-Settling Defendants to obtain access to the amounts allocated by FHFA to the claims asserted against RBSSI in the *Ally* Action. The proposed Bar Order permits the disclosure to the Authorized Parties of the settlement amounts allocated to the particular bonds at issue in the *Ally* Action, upon entry of a pre-trial order in the *Ally* Action. Leung Decl., Ex. A, at 3-4. The Authorized Parties are limited to those Non-Settling Defendants in the *Ally* Action that were sued in connection with the same securities as RBSSI, as well as any future defendants that may later be subject to claims in relation to the securities in the *Ally* Action that are the subject of the settlement. Upon the entry of a pre-trial order in the *Ally* Action, the proposed Bar Order permits disclosure to the Authorized Parties in the *Ally* Action of the amount of the settlement allocated to the particular bonds at issue, as well as to internal and external counsel, and any experts retained in connection with the *Ally* action; however, this information will not be disclosed to any of the other defendants in any other action brought by FHFA. Leung Decl., Ex. A, at 3-4. These provisions accomplish the goal of providing the necessary

information to the affected Non-Settling Defendants in the *Ally* Action for purposes of the judgment credit provision.

District courts are empowered to prevent access to confidential information relating to settlements "when necessary to encourage the amicable resolution of disputes." *City of Hartford v. Chase*, 942 F.2d 130, 135 (2d Cir. 1991); *see also Glens Falls Newspapers*, 160 F.3d at 856 (affirming district court order sealing settlement documents and drafts in part because of the court's responsibility to facilitate prompt and fair settlement "so as to avoid the uncertainty, expense and delay inherent in a trial"). Any interest of defendants in other lawsuits involving private-label securities or litigation brought by FHFA or of the public in obtaining access to the settlement amounts allocated to the bonds at issue in the *Ally* Action is significantly outweighed by the Settling Parties' right to maintain the terms of the settlement in confidence. The FHFA's proposal—to provide the Authorized Parties controlled access to the allocated amounts in the *Ally* Action at such time as it becomes germane to the proposed Bar Order—protects the confidentiality of these terms of the settlement while providing necessary disclosure in advance of trial to those parties in need of obtaining the confidential information for judgment credit purposes. *See King Cnty. v. IKB Deutsche Industriebank AG*, 2012 WL 3553775, at *1 (S.D.N.Y. Aug. 17, 2012) (denying defendants' motion to compel disclosure of confidential settlement agreement, noting that "[c]ourts routinely hold that settlement agreements may be withheld until after trial"). This procedure fairly protects the rights of all parties to the *Ally* Action.

## CONCLUSION

Accordingly, for all the reasons set forth above, the FHFA respectfully requests that the Court enter the proposed Order of Voluntary Dismissal with Prejudice and Bar Order in the *Ally* Action.

Dated: New York, New York
June 27, 2014

Respectfully submitted,

KASOWITZ, BENSON, TORRES & FRIEDMAN LLP

By: _____
Marc E. Kasowitz
(mkasowitz@kasowitz.com)
Christopher P. Johnson
(cjohnson@kasowitz.com)
Hector Torres (htorres@kasowitz.com)
Michael A. Hanin (mhanin@kasowitz.com)
Kanchana Wangkeo Leung
(kleung@kasowitz.com)
1633 Broadway
New York, New York 10019
Tel: (212) 506-1700
Fax: (212) 506-1800

*Attorneys for Plaintiff Federal Housing Finance Agency, as Conservator for the Federal Home Loan Mortgage Corporation*